## BREWSTER *et al. v.* LUDEKINS *et als.*

WHERE an insolvent's schedule described a debt as a note of a certain tenor in suit in a certain Court, when in fact the debt had passed into judgment a short time before the filing of the insolvent's petition: *Held*, that the variance is not fatal; that a mistake as to the condition of the insolvent's indebtedness— as whether reduced to judgment or not—is not material, if the indebtedness be so described as to enable the holder readily to identify it.

It is no objection to insolvent proceedings that the petition is addressed to "the Court and not to the Judge." The Court has jurisdiction of the matter, and the words "Judge" and "Court" are in this and other places used as convertible terms.

An insolvent's petition may be signed by an attorney. The signature of the insolvent is not requisite—the thirty-third section of the statute (Wood's Dig. 497) does not touch this point.

Where an insolvent's schedule consisted of three lists annexed in order to his petition, one of liabilities, one of assets, one of losses, the latter only of which was signed by him: *Held*, that this is a sufficient signing of the schedule to protect the proceedings from attack collaterally.

The notice to be given creditors on filing a petition in insolvency is not *process*; and even if it were process, the fact that it does not run in the name of the People of the State of California is not a fatal error going to the jurisdiction.

Where the schedule of "losses," after specifying certain bad debts, states that petitioner "has lost large amounts of other bad debts, as well as by the depreciated condition of business, high rates of interest and heavy expenses, as mentioned in the petition herewith filed:" *Held*, that the schedule is not fatally defective as not giving a *list* of losses.

Assuming that the District Court, in matters of insolvency, is in the exercise of a special jurisdiction, and that the strict rules applicable to such Courts apply, then the Court acquires its power to act by the filing of the petition, or at most, by the petition *and notice*, and *after* this the acts of the Court are proceedings within the jurisdiction and not conditions to it, and hence certain objections would be without force. See respondent's points.

The decree of discharge in this case is regular, and does not purport to be a chamber order.

The petition in insolvency need not aver that the debts were not fiduciary, etc., so as to show that petition is not within the thirtieth section of the Insolvent Act.

APPEAL from the Twelfth District.

Suit on a judgment claimed by defendant to have been discharged by a decree in insolvency.

On the twenty-second day of May, 1858, plaintiffs commenced an action in the Sixth District Court against Ludekins, Vesaria &

Co., upon a promissory note for nine hundred and seventy-seven dollars and sixty-nine cents, dated Feb. 11th, 1858, bearing interest at the rate of two and a half per cent. per month, and on the third of June, 1858, recovered judgment for $1,069.32, the amount of principal and interest due on said note.

After the commencement of the suit and before the expiration of the time for taking judgment, Ludekins had his papers prepared for an application in insolvency, but they were not filed until after plaintiff had taken judgment by default.  In his petition, Ludekins set forth that during the year 1857, and a part of 1858, he was engaged in merchandizing in the city of Sacramento, as a member of the firm of Ludekins, Vesaria & Co. ; that said firm, in order to carry on their business, were compelled to purchase goods on time of merchants in San Francisco and elsewhere, and trade being dull, became largely involved.

In his schedule he describes the debt due plaintiff as follows :

" List of liabilities due from Ludekins, Vesaria & Co.  To R. E. Brewster & Co. : note given in settlement for goods, dated Feb. 11th, 1858, for nine hundred and seventy-seven dollars and sixty-nine cents, with interest thereon at the rate of two and a half per cent. per month, now sued upon in the District Court, Sixth Judicial District, Sacramento county."  The petition is signed " Moore & Welty, attorneys for petitioner."  The schedule follows directly after the petition, and consists of three lists in succession.  The first is headed " List of Liabilities," and concludes thus : " Total amount of liabilities, $2,614.68."  The second is headed " Schedule of Assets," and concludes : " Total, $5,964.48," following which is a statement of household furniture claimed as exempt.  The third is headed·" List of Losses," and after specifying the names of eight persons as owing the firm of which petitioner was a member, with the amounts due from each, runs : " In addition to this, petitioner has lost large amounts of other bad debts, as well as by the depressed condition of business, high rates of interest and heavy expenses as mentioned in petition herewith filed," gives a recapitulation of liabilities, assets and losses, and concludes : " The foregoing is a correct schedule of the assets, liabilities and losses of petitioner.  June 28th, 1858.   Louis Ludekins."

The facts as to the notice to creditors, to which respondents object on the ground that it is process and as such should run in the name of the People, etc., are, that it is headed with the ordinary title of a suit in the Sixth District Court of this State, and then proceeds : " In the matter of the petition of Louis Ludekins, an insolvent debtor, pursuant to an order of the Hon. Chas. T. Botts, Judge of said District Court, notice is hereby given," etc.

The decree of discharge is an ordinary decree in such cases, entitled as of a suit in Court, and signed, " Chas. T. Botts, D. J." Attest, J. B. Dayton, Clerk, by Ham. C. Harrison, Deputy Clerk.

The record of insolvent proceedings in evidence does not contain any order appointing an assignee, though such appointment is recited in the decree of discharge.

On the tenth day of October, 1858, the Court entered a decree discharging said insolvent from his debts. On the twenty-ninth day of October, 1859, the plaintiffs commenced suit in the Twelfth District Court upon the judgment which they had recovered in the Sixth District Court. In this complaint the plaintiffs aver merely that a judgment was recovered by them as above stated, and that it still remained due and unpaid. The defendant answered by setting up his discharge in insolvency, and also contended that no action could be maintained in one District Court upon a judgment recovered in another District Court in this State, without showing some special circumstances. The Court below decided both these questions against the defendant, and gave judgment for the plaintiffs. Defendant then moved for a new trial, which being overruled, he appeals.

*Geo. R. Moore,* for Appellant.

The description of the indebtedness of Ludekins to respondents in the schedule is sufficient to enable them to identify the debt, and to know that they were included in the schedule, and this is all the statute requires. The judgment did not merge and extinguish the note so as to prevent the indebtednesss being described in its original form. (*Dresser* v. *Brooks,* 13 Barb. 429 ; *Imlay* v. *Carpenter,* 14 Cal. 176 ; *McAllister* v. *Strode,* 7 Id. 431.)

*M. Compton*, for Respondents.

Proceedings in insolvency are unknown to the common law, or to the general jurisdiction of any Court. They are a mere privilege created by statute, and like all statutory proceedings in derogation of the common law, must be strictly pursued. (*Cohen* v. *Barrett*, 5 Cal. 195; 5 Bac. Abr. 389; *McAllister* v. *Strode*, 7 Cal. 478; *Judson* v. *Atwill*, 9 Id. 477; *Meyer* v. *Kohlman*, 8 Id. 44; In the matter of Wend. 19 John. 153.) Applying these principles to this case, respondents contend that the insolvent Court had no jurisdiction either of the subject matter or of the creditors.

I.   The Court had no jurisdiction of the subject matter.

The papers which conferred jurisdiction were fatally defective in not stating the necessary facts. These are special proceedings. (*Harper* v. *Freelon*, 6 Cal. 76.) The District Court, in taking cognizance of them, is not acting as the District Court at all, but merely as a special commission, and is therefore an inferior Court. In cases where the proceedings of Courts of inferior jurisdiction are concerned, the jurisdiction will not be presumed. (*Mills v. Martin*, 19 John. 33; *Racock* v. *Bell*, 1 Sand. 73, 74, *passim*; *Yates* v. *Lansing*, 9 Johns, 437; *Bridge* v. *Ford*, 4 Mass. 641; *Hall* v. *Howard*, 10 Conn. 514; *Rex* v. *Oakley*, 4 Barn. & Adol. 307.)

It was necessary, therefore, that the insolvent should state in his papers distinctly every fact which was necessary to give the discharging officer jurisdiction. (*Salter* v. *Tobias*, 3 Paige, 338; *Wheeler* v. *Townsend*, 3 Wend. 247; *Wyman* v. *Mitchell*, 1 Conn. 316; *Bigelow* v. *Stearns*, 19 John. 41; *Cole* v. *Stafford*, 1 Caines, 349; *Lester* v. *Thompson*, 1 John. 300.) In these cases, "the petition, schedule and affidavit are the pleadings on the part of the petitioner, who is the plaintiff." (*Kohlman* v. *Wright*, 6 Cal. 320.)

The papers are fatally defective, and show that the Court had no jurisdiction in the first instance.

1. The insolvent petitioned the Court instead of the Judge "having original jurisdiction." (Wood's Dig. 496, sec. 2.)   2. The petition is not signed by the insolvent, but by an attorney. (Id. 501, sec. 5.)   3. The schedules are not signed by the insolvent.

(Id. sec. 3.)   4. The schedule of losses is insufficient.   There is
no list of losses.   (Id. 496, sec. 3.)   The statement that he " has
lost large amounts by bad debts, as well as by the depreciated con-
dition of business, high rates of interest and heavy expenses, as
mentioned in the petition herewith filed," is wholly insufficient and
not a compliance with the law.   It is not a list either in law or fact,
or in the common acceptation of the term ; it is a vague, unmean-
ing and contradictory statement.   List is " to enroll, to register ; a
catalogue."   (Webster's Dic.)   This means that there should be
an enumeration of the various items constituting the aggregate or
sums total.   The provision of the statute is strict.   Its object was
to prevent fraud.   5. There is no averment in the petition that the
debts set forth and described were not created in whole or in part
for public funds, or property of whatever nature or kind ; or as an
unfaithful depositary ; or for funds received by him as a banker,
broker or commission merchant ; or for money, goods or effects re-
ceived by him in a fiduciary capacity.   (Wood's Dig. 500, sec. 30 ;
*Sackett* v. *Andross,* 5 Hill, 327 ; *Cohn* v. *Barrett,* 5 Cal. 195 ;
*Maples* v. *Burnside,* 1 Denio, 332 ; *Kellogg* v. *Schuyler,* 2 Id.
73 ; *Stephens* v. *Hill,* 6 Ely, 67 ; *Salters* v. *Tobias,* 3 Paige, 338 ;
7 Johns. 75 ; 1 Conn. 316 ; 3 Wend. 247 ; 6 Id. 433.)   This is
a matter of allegation and not of proof.   (*Stuart* v. *Allen,* 16 Cal.
501.)   These are jurisdictional matters, and are defects that may
be taken advantage of at any stage of the proceedings.   (*Bacon*
v. *Page,* 1 Conn. 404.)   The question of jurisdiction is always
open.   (*Elliott* v. *Peirsol,* 1 Pet. 328 ; *Aldrich* v. *Kinney,* 4 Conn.
382 ; *Hall* v. *Williams,* 6 Pick. 232 ; *Campbell* v. *Toucey,* 7
Conn. 64 ; *Glenn* v. *Smith,* 2 Gill & John. 493.)   6. The insolv-
ent did not file his books with the insolvent Court as required by
section seven of the act.   It is a prerequisite, the omission of which
will debar the discharge.   (Wood's Dig. 497 ; *Bowman* v. *His
Creditors,* 8 La. 391 ; *Montesqui* v. *Hill,* 4 Id. 55 ; Id. 200.)

II.   The Court had no jurisdiction of the creditors.

1. The notice to the creditors is insufficient.   They are not cited
to appear within thirty days from the date of publication.   (Sec. 8.)
There is no time mentioned on the return day of the notice for
them to appear.   The notice summoning them to appear does not

Brewster *v.* Ludekins.

run in the name of the People of the State of California.    (Const. of Cal. art. VI, sec. 18.)    By the Constitution of this State, " the style of all process shall run in the name of the People of the State of California."    By the same Constitution, " no person shall be deprived of life, liberty or property without due process of law." (Art. XI, sec. 8.)    The notice in this case summoning the creditors to appear must be regarded as a process.    It is equivalent to a summons and performs the same office.    " Process is the means of compelling the defendant to appear in Court."    (2 Chitty's Blackstone, 13, title Process.)    This is the only means by which the creditors are brought into Court, and unless it is a process it is nothing at all, and the Court cannot acquire jurisdiction over the creditors.    If it is a process it must run in the name of the People of the State of California.    Indeed, the act itself regards the notice in the character of a summons.    (Sec. 10.)    2. There was no assignee appointed.    This is a condition precedent.    (Sec. 1.)    3. The record does not show that the creditors met on the return day, or ever refused to appoint an assignee; nor does it show that an assignee was ever appointed by the Court or creditors, and there is no other mode for the appointment of an assignee.    It follows therefore that no legal assignment of the insolvent estate was ever made, as required by sections one and eighteen of the act.    " All assignments executed for the benefit of creditors are void, if not made in conformity to the statute of May 4th, 1852, entitled ' An Act for the Relief of Insolvent Debtors and Protection of Creditors.' "    ( *Cheever* v. *Hayes*, 3 Cal. 471.)

III.    The discharge is void, because no judgment of discharge was ever entered or docketed as required by law.    (Prac. Act, sec. 204.)    A discharge under the insolvent act is not a mere chamber order, but a judical act of the Court.    ( *Turner* v. *McIlhany*, 6 Cal. 286.)    The paper filed and signed by the Judge, purporting to be a discharge, is, therefore, nothing more than a chamber order and not the act of the Court.    The insolvent could only be discharged in open Court and by judicial act of the Court. ( *Hall* v. *Hudson*, 28 Ala. 284 ; *Lentilhon* v. *City of New York*, 3 Sandf. 721 ; *Goddard* v. *Coffin*, 1 Davies, 381.)

IV.    The statement of indebtedness by the insolvent is not suf-

ficient.   In cases of bankruptcy, fraud is presumed on the part of the insolvent, contrary to the general rule.   (*Menpez* v. *Lalmsay*, 1 Mart. La. R. 734.)   Even as a question of pleading, the statement is defective.   If the statement is susceptible of constructions, the one most against the party pleading must be adopted.   (1 Chitty's Plead. 514, 522.)   Averments are necessary to avoid intendments against the pleader.   (Mitf. Plead. 240.)   As a question of statutory construction, statutes of this description which are intended to deprive the creditor of all remedy for the recovery of an honest debt should be strictly construed, and should not be extended by implication beyond the fair and legitimate meaning of the terms used by the Legislature.   The Legislature not only intended that the insolvent should give " the names of the creditors, the amount due to each creditor and the cause and nature of such indebtednes," but " when it accrued ; " and also, " a statement of any existing judgment."   (Wood's Dig. 426, sec. 3.)

The case of *Imlay* v. *Carpenter* (14 Cal. 173) and the one at bar are widely different.   In the former, the judgment was obtained in the interim and during the pendency of the insolvent proceedings.   In this case, the judgment was obtained on the twenty-fifth day of June, 1858, and more than three weeks prior to the filing of the insolvent proceedings, and was an existing judgment debt at that very time, and no judgment is set up or even alluded to.

Our statute limits the discharge to such debts and liabilities as are owing at the time of the application and named in the schedule attached to the petition.   (Wood's Dig. 500, sec. 24.)   And so the case of *Imlay* v. *Carpenter* decides.   This debt was a judgment debt and contract before the filing of the insolvent proceedings.   " Judgments are contracts," says Parsons on Contracts, vol. 1, p. 7.   If it was a judgment contract, then, and existed prior to the filing of the proceedings in insolvency, it was incumbent on the insolvent to set forth the judgment, and the time when it was rendered, (or created) or it cannot be effected by the discharge.   (See secs. 3 and 24 of the Act.)

V.   If the judgment upon which this action was founded was the original debt in a new form, the original debt was lost on the third of June, 1858, (twenty-one days before the insolvent pro-

Brewster *v.* Ludekins.

ceedings were filed) and merged in this judgment.  As the statute has in view only such debts as existed at the time of the application and the form in which they then existed, this debt cannot be affected by the discharge.  The judgment not only operated as a bar by way of merger to the suit brought upon the original cause of action, but could only be declared on in debt as an obligation of record and not in assumpsit.  (*Bank of U. S.* v. *Merchant's Bank,* 7 Gill, 415 ; *Napier* v. *Gideon,* 1 Spear's Eq. 214 ; *Colt's Estate,* 4 W. & S. 314 ; *Andrew* v. *Montgomery,* 9 Johns. 162 ; *Boston India Rubber Factory* v. *Hoyt,* 14 Vt. 92 ; Am. Lead. Cas. 713.)

VI.  The insolvent having made the statement in the schedule that the debt then set out was a promissory note in suit, he is bound by that statement, and is now estopped from controverting it, or from insisting that it exists in any other form.

*Moore,* for Appellant, in reply to the defendant's brief, took substantially the positions contained in the opinion of this Court on the petition for rehearing.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The only point we think it necessary to notice· is, whether the record of the insolvent proceedings of defendant was fatally defective, in this, that the schedule described the debt as a note of a certain tenor in suit in a certain Court, when, in fact, the debt had passed into judgment a short time before the filing of the insolvent petition.  We think this variance not fatal.  The direction of the statute is to require the petitioner to describe and identify the indebtedness ; and a mistake as to the condition of that indebtedness—as whether reduced to judgment or not—is not of essential importance, if the indebtedness be so described as that the holder of it can readily identify it.  We think this could easily have been done by the description given in the schedule.  If suit were pending in a distant county, it might be impossible for the insolvent to know at the time of filing the petition whether judgment had been taken or not ; and we see no loss or injury to the creditor by a designation of the indebtedness in this form.  Indeed, it fulfills all the

12

substantial purposes of the requirement.    (See *Imlay* v. *Carpenter*, 14 Cal., and cases there cited.)

2. There is nothing in the point that suit could not be brought in one District Court on a judgment recovered in another.    (See *Ames* v. *Hoy*, in this Court.)

It is not necessary to notice the other points.

Judgment reversed and cause remanded.

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Petition for rehearing.    Upon the main question passed upon in the opinion, which was the effect of the variance in the form of indebtedness described in the defendant's petition in bankruptcy from that in proof—a judgment instead of a note—we adhere to our conclusion that, under the circumstances, this mistaken description did not avoid the bankrupt's discharge.

Many technical questions are made by the respondents' counsel, and as it is deemed important as matters of practice that they be now settled, we propose briefly to notice them.

1. The first objection to the insolvent proceedings offered in evidence and ruled out is, that the District Court, before which the proceedings were taken, had no jurisdiction, in this : that the petition is addressed to " the Court, and not to the Judge."    This exception is entirely too technical.    The District Court has jurisdiction of the matter, and the Judge constitutes the Court ; and as this is not a chamber proceeding, it is difficult to see why this address is not sufficient.    Indeed, the words " Judge " and " Court " are in this and other places used as convertible terms.

2. That the petition is not signed by the insolvent, but by an attorney.    The answer is, that the statute does not require any signature of the insolvent to the petition.    It must be verified by him, but may be signed as any other pleading.    The thirty-third section (Wood's Dig. 497) does not touch this point ; that section merely providing that an agent *shall not make* the application, oath, etc.

3. That the schedules are not signed by the insolvent.    All the

lists of assets, losses and liabilities are made out together, and sign-ed by the insolvent.  This is enough, at least, to protect the pro-ceeding from collateral attack.

4. Notice to creditors insufficient.  Several points are taken in this connection, but they are not sustained by the record.  The notice is not process, and if it were, the form of its address is not a fatal error going to the jurisdiction.

5. That the schedule of losses is insufficient.  We see no fatal defect in this respect.  But it is not necessary to go into this matter, or the subsequent errors assigned ; for, upon the theory of the respondents' counsel, that the District Court, in matters of in-solvency, is in the exercise of a special jurisdiction, and that the strict rules applicable to such Courts apply, it is clear that the Court acquires its power to act by the filing of the petition, or at most, by the petition *and notice ;* and that after this, the acts of the Court are movements within the jurisdiction, and not conditions to it. (See *Grignon's Leessees* v. *Astor et al.,* 2 How. U. S. R. 338 ; and cases in 18 Cal. 506.)

6. The decree of discharge seems to be regular and regularly made.  It does not purport to be a chamber order.

7. There is nothing in the point that all the proceedings are void, because the petition does not aver that the debts were not fiduciary, etc.  The thirtieth section denies the claim of such debtors to the benefit of the act, at least so far as this sort of indebtedness is concerned ; but there is no requirement that the petition shall, on its face, expressly ignore this ground of exclusion ; besides, the petition, showing the character of the indebtedness and how it arose, would seem to be sufficient to meet this objection.

It is not necessary to notice other points.

Rehearing denied.