[No. 6,305.]

## TRENOUTH v. FARRINGTON.

STATUTE OF LIMITATIONS — JUDGMENT. — The time prescribed for the limitation of an action upon a judgment begins to run with the entry of the judgment, and not upon its rendition.

APPEAL from a judgment and order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*M. Lynch*, for Appellant.

*Philip G. Galpin*, for Respondent.

Department No. 1, Ross, J.:

This is an action upon a judgment.  The defense is the Statute of Limitations.  The facts are, that on August 26th, 1871, plaintiff commenced suit in the Fourth District Court against the defendant to recover three hundred and eighty dollars, with

interest and costs. The defendant filed a demurrer in that action, but subsequently withdrew the demurrer, with leave to answer within ten days. He failed to answer, and on the 20th day of March, 1872, his default was, on motion of plaintiff's attorney, entered in the cause, and the Court thereupon heard proof on the part of the plaintiff, and ordered that a judgment be entered in favor of the plaintiff for the sum of $405.74, together with costs of suit. The judgment so ordered on the 20th of March was not, in fact, entered until the 25th of March, 1872. The present action was commenced March 23rd, 1877. If, therefore, the statute commenced to run from the date the Court ordered the judgment to be entered, as was held by the Court below, the present action is barred. On the other hand, if the date when the judgment was reduced to a tangible form, and, in fact, entered, be taken as the starting-point, this action was commenced in time, and the judgment and order must be reversed.

The cases of *Gray* v. *Palmer*, 28 Cal. 416; *Peck* v. *Courtis*, 31 Cal. 209; and *Genella* v. *Relyea*, 32 Cal. 159, cited by counsel for respondent, in support of the judgment, do not apply to this case. The question in those cases was, as to what was the starting-point of the time within which an appeal could be taken under the then existing statute, which provided that an appeal might be taken from a judgment within one year from "the rendition of the judgment"; and the Court held that the time ran from the day the judgment was announced by the Court.

But in this case we have a different statute to deal with. The words of the statute prescribing the time for the commencement of this class of actions are:

"Within five years:

"1. An action upon a judgment or decree of any Court of the United States or of any State within the United States."

The judgment here spoken of is a complete judgment, one that has been reduced to a tangible form—a record. In the case at bar it will be observed that the Court did not itself enter judgment. It only ordered that judgment *be* entered. This was not in fact done until five days afterward, when for

the first time the judgment became a matter of record, and a complete and final judgment. In our opinion it was from this date that the statute began to run.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, P. J., and McKEE, J., concurred.