[No. 15042.  Department One. — August 5, 1893.]

WILLIAM B. ROWE, APPELLANT, v. P. H. BLAKE ET AL., RESPONDENTS.

99   167
112   641

FORECLOSURE OF MORTGAGE — ACTION UPON JUDGMENT — REMEDY BY SALE. — An action may be maintained by a judgment creditor to enforce a judgment for the foreclosure of a mortgage, declaring the indebtedness therein ascertained to be a lien upon the mortgaged land and directing a sale of the land to satisfy the indebtedness, although he may also have a remedy for the enforcement of the judgment by a sale within five years from its entry.

ID. — ENFORCEMENT OF DECREE IN EQUITY. — In this state there is but one form of civil action for the enforcement of a private right, and the rules which under the chancery practice prevents the enforcement of a decree in equity by a proceeding at law are inapplicable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*James D. Thornton,* and *J. D. Henderson,* for Appellant.

The judgment in this case being a money judgment it may be enforced by an action upon the judgment. (*Dorland* v. *Hanson,* 81 Cal. 203; 15 Am. St. Rep. 44; *Humiston* v. *Smith,* 21 Cal. 130; Code Civ. Proc., sec. 685; *Southern Cal. L. Co.* v. *Ocean etc. Co.,* 94 Cal. 217; 28 Am. St. Rep. 115; *Jacks* v. *Johnston,* 86 Cal. 384; 21 Am. St. Rep. 50.) Such an action may be maintained although the right to issue execution may exist at the same time. (*Ames* v. *Hoy,* 12 Cal. 11; *Trenouth* v. *Farrington,* 54 Cal. 273; *Stuart* v. *Lander,* 16 Cal. 372; 76 Am. Dec. 538; *De Uprey* v. *De Uprey,* 23 Cal. 352; *Howard* v. *Howard,* 15 Mass. 196. See also Barton's Suit in Equity, 165, 166; Daniell's Chancery Practice, 5th ed., p. 1585; Story on Equity Pleading, secs. 429, 432; Mitford's Chancery Pleadings, p. 95; Lube's Equity Pleading, ch. 16, pp. 136–139; 2 Barbour's Chancery Practice, 411, book IV., 86, 87; *Johnson* v. *Northey,* 2 Vern. 409; Prac. in Ch., 134; *Grew* v. *Breed,* 12 Met. 369; 46 Am. Dec. 687; *Davis* v. *Parker,* 14 Allen, 105, 106; *White* v. *Geraerdt,* 1 Edw. Ch. 336; *Devoe* v. *Ithaca etc. R. R. Co.,* 5 Paige, 521; *Hosack* v. *Rogers,* 11 Paige, 603; *Railroad Co's.* v. *Chamberlain,* 6 Wall. 748; *Lawrence Manuf. Co.* v. *Janesville etc. Mills,* 138 U. S. 552–561; *McFadden* v.

*McFadden*, 44 Cal. 306; *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609; Foster's Federal Practice, 521–564; Adams' Equity, 415; Cooper's Equity Pleading, 98 Harr. by Newl, 93; Welford's Equity Pleading, 249; Van Hey, 575; Willis' Equity Pleading, 391; 3 Barbour's Chancery Practice, 557; Daniell's Chancery Practice, appendix of forms, p. *2072.) The statute is remedial and should be beneficially and liberally construed to extend the remedy. (*Kent* v. *Laffan*, 2 Cal. 595; *Mayor etc.* v. *Buchanan*, 3 Cal. 212; *White* v. *Steam Tug Mary Ann*, 6 Cal. 462; 65 Am. Dec. 523; *Mason* v. *Cronise*, 20 Cal. 219; *Cullerton* v. *Mead*, 22 Cal. 96; *Cormerais* v. *Genella*, 22 Cal. 125; *Grattan* v. *Wiggins*, 23 Cal. 16; *Wallace* v. *Moody*, 26 Cal. 387; *Bensley* v. *Ellis*, 39 Cal. 309; *Cross* v. *Zane*, 47 Cal. 603; *Yoakum* v. *Bower*, 51 Cal. 540; *Tulley* v. *Tranor*, 53 Cal. 278.) A motion has generally been resorted to to enforce judgments, instead of *scire facias*, and has really become a substitute for it. (Freeman on Executions, sec. 95.)

*William H. Fifield*, for Respondents.

Wherever such an action as this has been brought, the courts have held that it cannot be maintained; and wherever the matter has been referred to, the courts have taken the same view. (*Burges* v. *Souther*, 15 R. I. 202; *Hanover Fire Ins. Co.* v. *Tomlinson*, 6 Thomp. & C. 127; *Sea Grove Building & Loan Ass'n* v. *Stockton*, 148 Pa. St. 146; *Shields* v. *Riopelle*, 63 Mich. 458; *Bache* v. *Doscher*, 41 N. Y. Super. Ct. 150; *Howe* v. *Lemon*, 37 Mich. 164; *Bell* v. *Gilmore*, 25 N. J. Eq. 104; *Mutual Life Ins. Co.* v. *Southard*, 25 N. J. Eq. 337; *Chapin* v. *Broder*, 16 Cal. 403–423; *Hall* v. *Arnott*, 80 Cal. 355; *Bull* v. *Coe*, 77 Cal. 60; 11 Am. St. Rep. 235; *Lavenson* v. *Standard Soap Co.*, 80 Cal. 248; 13 Am. St. Rep. 147; *Brown* v. *Willis*, 67 Cal. 235; *Biddel* v. *Brizzolara*, 64 Cal. 362; *Barbieri* v. *Ramelli*, 84 Cal. 154.) The same principles have always been acted upon by this court. (*Hall* v. *Arnott*, 80 Cal. 348–355; *Aldrich* v. *Stephens*, 49 Cal. 676; *Mayo* v. *Bryte*, 47 Cal. 626; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *Jacks* v. *Johnston*, 86 Cal. 384; 21 Am. St. Rep. 50; *Bull* v. *Coe*, 77 Cal. 60; 11 Am. St. Rep. 235; *Lavenson* v. *Standard Soap Co.*, 80 Cal. 248; 13 Am. St. Rep. 147; *Brown* v. *Willis*,

67 Cal. 235; *Chapin* v. *Broder*, 16 Cal. 403–423; *Leviston* v. *Henninger*, 77 Cal. 461.) Moreover, the code provides that there can be but "one" action for the recovery of a debt secured by mortgage. (Code Civ. Proc., sec. 726; *Ould* v. *Stoddard*, 54 Cal. 613; *Bartlett* v. *Cottle*, 63 Cal. 366; *Hall* v. *Arnott*, 80 Cal. 353, 354; *Biddel* v. *Brizzolara*, 64 Cal. 362.) The contention that the action is by "supplemental pleadings," under section 685 of the Code of Civil Procedure, is without merit, as the case is one within section 681. (*Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *Jacks* v. *Johnston*, 86 Cal. 384; 21 Am. St. Rep. 50.) If counsel intends to claim any assistance from the practice of *scire facias*, it only needs to be remembered that no such writ obtains under our system. (*Humiston* v. *Smith*, 21 Cal. 130.) To hold that a new action can be maintained upon a foreclosure decree would contravene the provisions of section 2922 of the Civil Code, which provides that "a mortgage can be created, renewed, or extended only by writing, executed with the formalities required in the case of a grant of real property." (*German Sav. etc. Soc.* v. *Hutchinson*, 68 Cal. 52; *Wells* v. *Harter*, 56 Cal. 342; *Jeffers* v. *Cook*, 58 Cal. 147.)

HARRISON, J. — December 31, 1879, judgment was entered in the late twenty-third district court of the city and county of San Francisco, in favor of the plaintiff and against the defendants, in which the amount of the indebtedness of the defendant Blake to the plaintiff was ascertained and declared to be a lien upon certain lands, and directing a sale of the lands to satisfy the said indebtedness. This judgment was entered of record January 26, 1880, and on the 30th of December, 1884, the plaintiff brought the present action, and in the amended complaint therein alleges "that said judgment and decree has not been satisfied in whole or in part by execution or otherwise, and said property has not been sold, and said judgment and decree is still in full force and of binding effect, unmodified, and unreversed," and asks for a judgment that the lands therein described be sold to satisfy the amount of said indebtedness. The defendants demurred to this complaint upon the ground that it does not state facts sufficient to constitute a cause of

action, and their demurrer having been sustained, judgment was entered in their favor, from which the plaintiff has appealed. The amended complaint contains also averments of certain facts in excuse of the delay in prosecuting the action, some of which have supervened since the filing of the original complaint, and to which defendants have demurred on the ground of uncertainty; but in the view we take of the case, it is unnecessary to consider either these averments or the demurrers thereto.

It is contended by the respondents that an action cannot be maintained in this state to enforce a judgment for the foreclosure of a mortgage; that the only remedy of the plaintiff in such judgment is its enforcement by a sale within five years from its entry; and that failing to effect such sale, the judgment ceases to be operative. In *Ames* v. *Hoy*, 12 Cal. 11, it was held that an action could be maintained in this state upon a domestic judgment, and in *Stuart* v. *Lander*, 16 Cal. 373; 76 Am. Dec. 538, it was held that such an action would lie, although the time within which an execution might issue had expired. Respondents seek to distinguish these cases from the present by the fact that they were brought to recover a specific sum of money that had been fixed by the prior judgment, whereas the present action is brought to procure a sale of the same property which the prior judgment directed to be sold. We are unable, however, to perceive any substantial reason for denying the right to maintain this action that would not be applicable in the other cases. There is certainly nothing in the opinion in *Ames* v. *Hoy*, 12 Cal. 11, that warrants such distinction. It is there said: "The chief argument is that there is no necessity for a right of action on a judgment, inasmuch as execution can be issued to enforce the judgment already obtained, and no better or higher right or advantage is given to the subsequent judgment. But this is not true, in fact, as in many cases it may be of advantage to obtain another judgment in order to save or prolong the lien." The Code of Civil Procedure defines a civil action as a proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, and declares that it arises out of an obligation by which one person is bound to do or not to do a certain thing. (Code Civ. Proc., secs. 22, 25, 23.) Whether the judgment be regarded as

the evidence of a contract between the parties, or as the creation of an obligation upon the defendant, the correlative right of the plaintiff which is created thereby may be enforced by a civil action.

By the former judgment it was determined that the plaintiff had the right to have the land therein described sold for the purpose of paying the indebtedness of the defendant Blake, and there was also created thereby an obligation upon the defendant to subject the land to a sale for the satisfaction of this indebtedness, and this obligation is as well defined and as binding upon the defendant as is the obligation upon a defendant to pay the amount of a money judgment recovered against him. The obligation upon a defendant to pay a specific sum of money out of his general estate, which an ordinary money judgment implies, differs in kind rather than in nature from the obligation to subject a specific parcel of land to the payment of a specific sum of money, and the reasons for enforcing this implied obligation or promise by an action are as cogent in the one case as in the other.

The judgment herein sought to be enforced has nothing in its terms, nor is there anything in the statutes of this state which limits the mode for its enforcement. The provisions of section 681 of the Code of Civil Procedure, limiting the issuance of an execution for the enforcement of a judgment to the term of five years, is but a limitation upon a certain mode for its enforcement, and does not purport to limit or qualify the right to its enforcement in any other mode. The right to bring an action upon a judgment or decree is recognized by that code as the subject of a civil action, and may be brought within five years. (Code Civ. Proc., sec. 336.) The provisions of this section are applicable to domestic judgments (*Mason* v. *Cronise*, 20 Cal. 211), and the time thus limited begins to run from the entry of the judgment. (*Trenouth* v. *Farrington*, 54 Cal. 273.)

Under the chancery practice bills to carry decrees into execution were frequently entertained. (Story on Equity Pleading, sec. 429; 2 Daniell's Chancery Practice, p. *1585.) As in this state there is only one form of civil action for the enforcement of a private right (Code Civ. Proc., sec. 307), the rules which under a former system prevented the enforcement of a

decree in equity by a proceeding at law are inapplicable. The action of *Ames* v. *Hoy*, 12 Cal. 11, was based upon a decree rendered in a suit in equity.

The judgment is reversed.

DE HAVEN, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.