[No. 15230. Department One.—June 25, 1894.]

## T. C. EDWARDS, RESPONDENT, v. W. B. HELLINGS, APPELLANT, ET AL., DEFENDANTS.

VACATION OF JUDGMENT BY DEFAULT—INEXCUSABLE NEGLECT—DISCRE-·
TION.—Where the summons in a case has been regularly served upon the defendant, and the appearance of an attorney in his behalf was authorized by him, and default was made after the overruling of a demurrer to the complaint interposed by the attorney, the judgment' by default cannot be set aside, where it appears that the client did not examine the complaint, and it does not appear that he gave his attorney any statement of the facts in the case, or which would constitute any defense thereto, or that he ever communicated with him in reference to the action, and a .statement in the application to vacate the default that he believed the attorney would defend the action upon its merits is not sufficient to show that the court did not properly exercise its discretion in denying the application.

ID.—REFUSAL TO RECALL EXECUTION.—In such case the judgment, being regular in form, and rendered after the defendant's default had been taken, is not void, and after an execution had been regularly issued thereon the court did not err in refusing to recall and quash the execu-' tion.

ID.—ENTRY OF JUDGMENT AGAINST ONE OF TWO DEFENDANTS.—The entry of judgment against a defendant, who has been served after the overruling of his demurrer to the complaint, without at the same time entering judgment against a codefendant not served, is in accordance with· the statute.

ID.—DEFAULT—ENTRY OF JUDGMENT—DIRECTORY PROVISION.—The provision that the clerk must enter the judgment *immediately* after enter-' ing default is merely directory, and does not render void a judgment subsequently entered upon such default, nor can the defendant against whom the judgment is entered invoke such failure for the purpose of annulling a judgment to which he has no other defense.

ID.—LIMITATION UPON JUDGMENT—WHEN STATUTE BEGINS TO RUN.—The statute of limitations upon a judgment runs from the time of its entry,. and not from its rendition; and if the defendant desires to set the statute of limitations running he may himself cause the judgment to be entered at any time after its rendition.

APPEAL from orders of the Superior Court of the City and County of San Francisco refusing to set aside a judgment by default, and denying a motion to recall and quash an execution.

The facts are stated in the opinion of the court.

*Henry I. Kowalsky, T. J. Crowley,* and *T. M. Osmont,* for Appellant.

*H. C. Firebaugh,* for Respondent, and *T. C. Coogan,* for the Sheriff.

HARRISON, J.—The plaintiff commenced an action against the appellant and another defendant February 16, 1884, for the purpose of recovering from them the amount of a judgment that had been previously rendered in the fifteenth district court for the city and county of San Francisco. The summons in the action was served upon the appellant alone, and was given by him to an attorney, with instructions to defend the action. This attorney filed a demurrer to the complaint, which was afterwards overruled for want of prosecution. Notice of such overruling was served upon the appellant's attorney, and, no answer having been filed, his default was entered by order of the court March 14, 1884. Judgment was not entered against him upon this default until January 18, 1892. An execution was issued upon this judgment March 19, 1892, and levied upon certain real property of the appellant, which was advertised by the sheriff to be sold on the 21st of April, 1892. On the 18th of April, upon the application of the appellant, the court in which the judgment had been entered made an order that the plaintiff show cause why the order of default and judgment theretofore made and entered therein should not be set aside, and the defendant allowed to file an answer, and also made an order staying proceedings in the mean time. Upon the hearing of this order to show cause the court denied the

application, and at the same time denied a motion by the appellant to recall and quash the execution that had been issued. From these orders he has appealed, bringing the matters here by a bill of exceptions.

The court properly exercised its discretion in denying the application to set aside the default and judgment against the appellant, and refusing to relieve him therefrom. The summons in the case had been regularly served upon the appellant, and the appearance of the attorney in his behalf was authorized by him. His instructions to the attorney to defend the action were of no avail to relieve him from the judgment, even if the attorney had failed to carry out his instructions. Although he says in his application that he firmly believed that his attorney would defend the action upon its merits, he also says that he did not examine the complaint to ascertain the exact nature of the action, nor does he say that he gave his attorney any statement of the facts in the case, or which would constitute any defense thereto, or that he ever from that time communicated with him in reference to the action; that within two days after the service of the summons upon him he left the state, and it does not appear that he returned to it until December, 1891.

Neither did the court err in refusing to recall and quash the execution. The judgment upon which the execution was issued was regular in form, and was rendered after the appellant's default had been taken, for failure to answer in a case in which he had been personally served with the summons, and his demurrer to the complaint had been overruled. The judgment was not void, and the execution had been regularly issued thereon within a few months after its rendition. The defendant did not claim that any thing had transpired after its entry to authorize the court to suspend or prevent its execution. If the court had erred in overruling the appellant's demurrer thereto, or if there was any infirmity in the judgment by reason of a defective complaint, the remedy of the appellant was by an appeal

from the judgment, and upon such appeal he could have caused a stay of the execution, but these reasons would not authorize the court to stay the execution of the judgment, so long as it remained in force and of record.

The entry of judgment against the appellant, without at the same time entering judgment against his codefendant, who had not been served, was in accordance with the statute. Section 636 of the Code of Civil Procedure provides that upon the overruling of a demurrer the plaintiff may proceed as prescribed in section 585, upon the failure of the defendant to answer, and in section 585 it is provided that, if the defendant fail to answer, the clerk may enter judgment against one or more of several defendants in the cases provided for in section 414; and section 414 provides that when the action is against two or more defendants, jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants. The provision that the clerk must enter the judgment "immediately" after entering his default is merely directory. His failure to do so may render him liable to an action by the judgment creditor, but does not render void the judgment subsequently entered upon such default, nor can the defendant against whom the judgment is entered invoke such failure for the purpose of annulling a judgment to which he has no other defense. The statute of limitations upon the judgment runs from the time of its entry, and not from its rendition. (*Trenouth* v. *Farrington*, 54 Cal. 273. See, also, *Franklin* v. *Merida*, 50 Cal. 289.) If the appellant had desired to set the statute of limitations running he could himself have caused the judgment to be entered at any time after its rendition.

The orders are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.