# FEENEY v. HINCKLEY et al.[*]

## S. F. No. 1485; March 22, 1901.

### 64 Pac. 408.

**Judgment—Limitation of Actions.—Under Code of Civil Procedure**, section 336, limiting the time within which an action on a judgment or decree must be brought to five years, no recovery could be had in an action on a judgment brought more than five, but less than six, years after judgment was entered; Code of Civil Procedure, section 1049, providing that an action is pending from its commencement until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied, not giving additional life to the judgment.

---

[*]For subsequent opinion in bank, see 134 Cal. 467, 86 Am. St. Rep. 290, 66 Pac. 580.

APPEAL from Superior Court, Alameda County; S. P. Hall, Judge.

Action by Bridget Feeney against H. G. Hinckley and another. From a judgment in favor of defendants plaintiff appeals. Affirmed.

B. McFadden for appellant; Wm. H. H. Hart and Cotton & Cotton for respondents.

CHIPMAN, C.—Action to recover an unpaid balance due on a judgment rendered in an action of unlawful detainer. Defendants had judgment on demurrer to the complaint, from which plaintiff appeals.

The complaint showed that on August 22, 1891, plaintiff recovered judgment for possession of certain real property, and for $1,500 damages and $20.30 costs, and under a writ issued thereon September 1, 1891, and returned November 3, 1891, there was realized on the judgment $63.30, and that there is now unpaid on the judgment $1,457, with interest, etc.; and judgment is demanded against defendants for the amount. The action was commenced August 17, 1897—more than five, but less than six, years after the judgment was entered. Defendants demurred to the complaint for insufficiency of facts, and because the action is barred by section 336 of the Code of Civil Procedure, which provides that an action on a judgment or decree must be brought within five years. Appellant contends that the judgment was not a final determination as to the rights of the parties until the time for appeal had passed. Appellant lays much stress upon section 1049 of the Code of Civil Procedure, which provides that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." This section has no bearing upon the construction to be given section 336. For many purposes the action should be deemed to be pending until the right of appeal has elapsed, but it was competent for the legislature to prescribe the time within which an action might be brought to enforce the judgment, whatever might be the rights of the parties under section 1049. Appellant would read into the statute by construction a year's additional time, although the

statute plainly says that the action must be brought within five years. The court said in Rowe v. Blake, 99 Cal. 167, 33 Pac. 864: "The provisions of section 681 of the Code of Civil Procedure, limiting the issuance of an execution for the enforcement of a judgment to the term of five years, is but a limitation upon a certain mode for its enforcement, and does not purport to limit or qualify the right to its enforcement in any other mode. The right to bring an action upon a judgment or decree is recognized by that code as the subject of a civil action, and may be brought within five years: Code Civ. Proc., sec. 336. The provisions of this section are applicable to domestic judgments: Mason v. Cronise, 20 Cal. 211. And the time thus limited begins to run from the entry of the judgment: Trenouth v. Farrington, 54 Cal. 273." See Edwards v. Hellings, 103 Cal. 204, 37 Pac. 218. If it be true, as claimed by appellant, that the question has never arisen in the precise form as in the present case, we think it beyond doubt that the judgment creditor who would seek to enforce his judgment by an action brought for that purpose must do so within the time limited by section 336, or the action will be barred. The judgment has no additional life given to it by section 1049, so as to enlarge the time within which he may have execution under section 681, nor within which he may bring his separate action as limited by section 336. The judgment should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.