[Sac. No. 2459.  Department One.—February 16, 1918.]

J. M. HOWELL COMPANY (a Corporation), et al., Respondents, v. CORNING IRRIGATION COMPANY (a Corporation), et al., Appellants.

WATERS AND WATER RIGHTS—ACTION TO ENFORCE JUDGMENT DETERMINING CONFLICTING RIGHTS—JUDGMENT IN FORMER ACTION UNCERTAIN—NEW ACTION TO DETERMINE.—Where a former judgment for the plaintiff, in an action between riparian owners, purporting to determine their conflicting rights to divert portions of

the waters of a stream, permits the defendant to take the surplus not required for use of the lands of the plaintiff, riparian to the stream, but does not state with precision the amount necessary for such use, and no facts are stated in the judgment from which it can be ascertained, and subsequent changes in physical conditions have increased the difficulty, and the defendant has asserted the right to take from the stream a quantity of water that would deprive the plaintiff of water necessary for his use, a new action is the appropriate remedy to quiet the plaintiff's title to riparian rights in the stream and to clear up and remove the uncertainty existing on the face of the former judgment.

ID.—PRESCRIPTIVE RIGHT CLAIMED BY DEFENDANT—ADVERSE FINDING SUPPORTED BY EVIDENCE.—Where in such a case the defendant claims a prescriptive right to take water in excess of the quantity permitted by the former judgment, a finding by the trial court against prescriptive right is supported, in case of a conflict of evidence, by substantial evidence that the excessive diversions were interrupted by the plaintiff from time to time and so often that no adverse use for a period of five years had occurred.

ID.—PRESCRIPTIVE RIGHT OF DEFENDANT—CLAIM OF ESTOPPEL—INSUFFICIENCY OF ANSWER.—An answer in such a case which sets up that the defendant is a mutual water company, devoting the water which it diverts exclusively to the use of its own stockholders, and that it has for many years been taking waters in excess of the quantity allowed by the former judgment, and that it has done this with the knowledge of the plaintiff, which has allowed a large community to be built up by the use of said water, but which answer nowhere alleges that the defendant is using its water in public service, does not bring the defendant within the rule that an estoppel arises against the plaintiff under the doctrine established and stated at length in *Miller* v. *Enterprise Co.*, 169 Cal. 415.

ID.—PUBLIC SERVICE CORPORATION—MUTUAL WATER COMPANY NOT A PUBLIC UTILITY.—A mutual water company supplying water exclusively to its own stockholders, and not to the general public, is not engaged in a public service, and is not a public utility.

ID.—JUDGMENT IN FORMER ACTION—RIPARIAN RIGHTS INVADED—HOW FAR BINDING ON PARTIES AND SUCCESSORS.—Although a judgment in such former action, so far as it permitted the defendant to take the surplus waters, not necessary for the use of the plaintiff, a riparian owner, was an invasion of the plaintiff's technical right to the full flow of the stream, it is conclusive on the parties and their successors in interest.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, for Appellants.

McCoy & Gans, and P. H. Coffman, for Respondents.

SHAW, J.—The defendants appeal from the judgment.

The plaintiffs, respectively, own tracts of land which are riparian to a stream known as Thomes Creek, in Tehama County. The defendant, Corning Irrigation Company is, and for many years has been, diverting water from said creek, and carrying the same to nonriparian lands belonging to its stockholders and there distributing the same to such stockholders for their use on such nonriparian lands. The object of the present action is to ascertain and determine the respective rights of the plaintiffs and the defendants in the waters of said stream, and to quiet the plaintiffs' title to such part thereof as they are entitled to have flow down to their lands. The principal defendant is the Corning Irrigation Company, the other defendants being directors of said company and not otherwise interested in the action.

The complaint alleges that on May 14, 1894, in an action by the predecessors in interest of the plaintiffs, against the said corporation defendant, judgment was duly given, determining the respective rights of the parties in the creek; that the defendants have no right therein or thereto except as set forth and adjudged in said action, but that they have nevertheless diverted therefrom quantities of water greatly in excess of their rights under said judgment, and that they have violated the conditions of said judgment as to the manner of diverting water therefrom, greatly to the injury of the plaintiffs, and that unless they are restrained they will continue to do so, and that said defendants claim the right to take said waters in excess of the rights given to them by said judgment.

The judgment mentioned is made a part of the complaint. It declares that the defendant, Corning Irrigation Company, shall be perpetually enjoined from taking any of the waters of said creek to the lands of its stockholders, or at all, except to the extent and in the manner therein set forth. It fixes the point of diversion at which the defendant is allowed to take water, and the kind of ditch and diverting works by

which it may do so; forbids the alteration of such diverting
works, and further provides "that when there is an abundance
and surplus of water in the said creek for all the uses and
purposes of the riparian owners below the said point of di-
version, including the use for the purposes of irrigation by
ditches now constructed, then and at such time the defend-
ant, the Corning Irrigation Company, may divert by and
through the said ditch any amount of *surplus* water and
convey and discharge the same into the watercourse known
as Squaw Hollow." It further provides that when the water
is low and insufficient for the uses of the said riparian owners,
the defendant company shall not take or divert from the creek
more than one hundred inches of water measured under a
four-inch pressure, which quantity of water the judgment
further provides, in effect, may be taken by said defendant
at any time, provided the same is taken from the surface
water flowing in the stream and not otherwise.

For answer, the defendants alleged that since the rendition
of the said judgment of 1894, the defendant company has
acquired by prescription the right to divert from said stream
a quantity of water amounting to four thousand miner's
inches, measured under a four-inch pressure. The answer
also alleges by way of estoppel, that during the interval
between said judgment of 1894 and the beginning of this
action, the plaintiffs have stood by, with full knowledge of
the diversion by said defendant, and of the fact that said
water has been distributed and used on nonriparian land,
and of the fact that said defendant has expended large sums
of money in the erection of works for conveying same, and
have made no protest against such diversion or expenditure.

The findings of the court were that the defendant company
has acquired no prescriptive right, and has no rights in the
waters of the stream, except such as are given to it by the
judgment of 1894; that the said defendant has at divers
times diverted quantities of water from the creek greatly
in excess of the amount permitted to it by said judgment,
and has claimed the right to do so. It will be observed that
the judgment of 1894 does not state the quantity of water
necessary for the plaintiffs' use upon their riparian land, nor
the amount, the excess of which may be deemed a surplus
subject to diversion by said defendant. In its findings in
the present action the court determined that the quantity

necessary for plaintiffs' use was two thousand five hundred inches, measured under a four-inch pressure, and that the facts alleged in the answer as an estoppel against the plaintiffs are not true, but that said defendant has been accustomed to take from the surplus waters of the stream not necessary for the use of the plaintiffs, the quantity of three thousand one hundred miner's inches, measured under a four-inch pressure.

The judgment appealed from declares that the defendant company shall be at all times entitled to take one hundred miner's inches of water at the place of diversion described, provided that amount is flowing on the surface; that after that amount shall have been taken by said defendant, two thousand five hundred miner's inches shall be allowed to flow down the stream for the use of the plaintiffs, and that the defendant, Corning Irrigation Company, may take through its diversion works and ditches, all the surplus not exceeding three thousand one hundred miner's inches, measured under a four-inch pressure.

The defendants claim that the finding against the prescriptive right to the water the company has been taking, over and above that allowed by the judgment of 1894, is not sustained by the evidence. It is sufficient to say that at most there is a conflict in the evidence, with sufficient substantial evidence in favor of the finding of the court to support it. The excessive diversions of the defendant were interrupted by the plaintiffs from time to time, and so often that no adverse use thereof for a period of five years has occurred. Hence no prescriptive right to such water could accrue.

Even if it were true, as appellants claim, that this action is nothing more than an action upon the former judgment, we are not prepared to say that such a judgment could not be enforced by a new action as well as by proceedings in contempt. (*Rowe* v. *Blake,* 99 Cal. 167, [37 Am. St. Rep. 45, 33 Pac. 864] ; *Ames* v. *Hoy,* 12 Cal. 11; *Stuart* v. *Lander,* 16 Cal. 373, [76 Am. Dec. 538].) The present action, however, is more than a mere action to enforce the former judgment. That judgment contained elements of uncertainty. It allowed the defendant to take the surplus water not required for the use of the lands of the plaintiffs riparian to the stream. Whether this should be construed to mean the surplus over and above that required at the time of its

rendition for use upon said lands, or the surplus in excess of what might from time to time thereafter be necessary therefor, is somewhat doubtful. The court below in the present action construed it to mean the surplus in excess of the quantity necessary in 1894 for plaintiffs' use, and the plaintiffs do not complain of this construction. It is clearly more favorable to the defendants than the opposite construction. But with that construction, the amount necessary for plaintiffs' use at that time is not stated with precision, and no facts are stated in that judgment from which it could be ascertained. Subsequent changes in physical conditions had increased the difficulty. The defendants had asserted the right to take from the stream a quantity of water that would deprive the plaintiffs of water necessary for their use, and their claims had been successfully resisted from time to time by the plaintiffs. This was the assertion of rights to water in excess of those given it by the judgment. The complaint asks not only for the enforcement of the former judgment, but for the quieting of their title against the new and additional claims of the defendants, and for an injunction against the taking of water by the defendants in violation of the former judgment, or in excess of the amount allowed thereby. It is obvious that an action will lie to quiet title to riparian rights in a stream, and it seems equally clear that a new action is the appropriate remedy to clear up and remove the uncertainty existing on the face of the former judgment, and by reason of subsequent events, as to the quantity to be allowed to run down to plaintiffs' land, so that the surplus available to defendants can be more readily determined than it could be by an inquiry as to plaintiffs' needs in 1894, or at any other time when the surplus was in question, in case the former judgment should have been construed so as to make that the test.

The defendant company claims that it is a public service corporation; that it has been taking the excess water over and above that allowed by the judgment of 1894, and applying the same to public use; that it has done this for many years with the knowledge of the plaintiffs, who have allowed a large community to be built up by the use of said water, and that consequently an estoppel arises under the doctrine established by numerous cases in this court. This doctrine is reviewed and stated at length in *Miller & Lux* v. *Enter-*

*prise Canal etc. Co.,* 169 Cal. 415, [147 Pac. 567]. The defendant has not brought itself within the doctrine. It has nowhere alleged that it is using its water in public service. On the contrary, the answer alleges, and it is not disputed, that it is a mutual water company, devoting the water which it diverts exclusively to the use of its own stockholders, and not to the general public. Such a corporation is not engaged in public service and is not a public utility. (*McFadden* v. *Board of Supervisors,* 74 Cal. 571, [16 Pac. 397]; *Hildreth* v. *Montecito Creek Water Co.,* 139 Cal. 22, 29, [72 Pac. 395]; *Barton* v. *Riverside Water Co.,* 155 Cal. 509, 518, [23 L. R. A. (N. S.) 331, 101 Pac. 790].) It appears that the case was fairly and thoroughly tried by the learned judge of the superior court, and that the conclusions at which he arrived are eminently reasonable and fair to the defendants. We find no cause for interfering therewith.

The former judgment, it may be well to add, constituted a limitation upon the riparian rights which were parcel of plaintiffs' lands bordering upon the stream. It deprived them absolutely of the right to one hundred miner's inches of the surface flow, and so far as it permitted the defendant company to take the surplus not necessary for plaintiffs' use, it was an invasion of the technical right of a riparian owner to the full flow of the stream. It is conclusive on the parties and their successors in interest. The defendants in this action do not complain of the limitation of the amount to be taken of the surplus water to three thousand one hundred miner's inches.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.,* concurred.