[L. A. No. 16055. In Bank.—October 2, 1939.]

SUZETTE THOMAS, Appellant, v. CLYDE THOMAS, Respondent.

William Ellis Lady and H. Dexter McKay for Appellant.

Horowitz & McCloskey for Respondent.

PULLEN, J., *pro tem.*—By a divorce decree of the Superior Court of the County of Butte, defendant was ordered to pay to plaintiff the sum of $50 a month as alimony for her support and maintenance until she remarried. In *Thomas v. Superior Court,* 9 Cal. App. (2d) 383 [49 Pac. (2d) 898], and in *Thomas* v. *Superior Court,* 129 Cal. App. 282 [18

Pac. (2d) 755], other issues concerning this decree have been before the courts.

For over five years defendant defaulted in these payments, and this action was brought in the county of Los Angeles, where both plaintiff and defendant now reside, to obtain a judgment for the accrued alimony and also to incorporate therein the provision for the payment of $50 monthly as contained in the original decree.

The trial court granted plaintiff an ordinary money judgment for the amount of the accrued alimony, unpaid for the five years preceding action brought, with interest, but refused to order defendant to pay the sum found due, and refused to incorporate in the judgment any provision concerning the future instalments of alimony. From this Judgment plaintiff now prosecutes this appeal upon the judgment roll.

The difference between the judgment as entered and that prayed for is pointed out in *Miller* v. *Superior Court*, 9 Cal. (2d) 733 [72 Pac. (2d) 868], where it is said: ''One difference between an award of alimony and an ordinary money judgment is that the ordinary judgment does not order the defendant to pay anything, it simply adjudicates the amount owing, while the award of alimony, though partaking of the nature of a judgment, goes further and is a direct command to the defendant to pay the sums therein mentioned.'' An order to pay alimony may be enforced by contempt proceedings.

As to the attitude of the courts toward those seeking aid in the enforcement of payments of alimony under decrees of sister states, there is now no question but that the better considered recent cases adhere to the view that a local judgment based on a foreign decree of alimony will be enforced by equitable remedies as by contempt. This is the rule in California. (*Bruton* v. *Tearle*, 7 Cal. (2d) 48 [59 Pac. (2d) 953, 106 A. L. R. 580] ; *Creager* v. *Superior Court*, 126 Cal. App. 280 [14 Pac. (2d) 552] ; *Straus* v. *Straus*, 4 Cal. App. (2d) 461 [41 Pac. (2d) 218, 42 Pac. (2d) 378] ; *Palen* v. *Palen*, 12 Cal. App. (2d) 357 [55 Pac. (2d) 228]. See, also, *Cousineau* v. *Cousineau*, 155 Or. 184 [63 Pac. (2d) 897, 109 A. L. R. 643].)

This principle is based not alone upon the full faith and credit clause of the federal Constitution, which does no

more than protect the right to obtain a money judgment for accrued alimony due under the foreign decree, enforceable by execution as an ordinary money judgment (*Lynde* v. *Lynde,* 181 U. S. 183 [21 Sup. Ct. 555, 45 L. Ed. 810]; *German* v. *German,* 122 Conn. 155 [188 Atl. 429]), but rests rather on the equitable consideration which favors an effective weapon for enforcement of the terms of the award of alimony where the debtor has moved from the state where the award was made.

Respondent does not question this rule, but contends that decrees of other states are not authority in the instant case, which is upon a domestic decree, and points out that a foreign decree can be enforced here only by an action (sec. 1913, Code Civ. Proc.), whereas under a domestic decree execution may be had throughout the state without any proceeding on the decree (sec. 687, Code Civ. Proc.), and payment enforced by contempt in the county wherein the award was originally made.

The right to maintain an action on a domestic judgment has long been recognized in this state. (Sec. 685, Code Civ. Proc.; *Atkinson* v. *Adkins,* 92 Cal. App. 424 [268 Pac. 461]; *Howell Co.* v. *Corning Irr. Co.,* 177 Cal. 513 [171 Pac. 100]; 2 Freeman on Judgments, 5th ed., 2211.)

That an action could be maintained in this state upon a domestic judgment was first held in *Ames* v. *Hoy,* 12 Cal. 11. It was there suggested, as it is here, that repeated judgments would create inconvenience, unnecessary expense, and be vexatious; but these objections were brushed aside, the court stating that an effectual remedy against such annoyances would be the payment of the debt. That this right is not limited to money judgments alone is indicated in *Rowe* v. *Blake,* 99 Cal. 167 [33 Pac. 864, 37 Am. St. Rep. 45], where the action was upon a judgment for the sale of property subject to a lien. In *Brewster* v. *Ludekins,* 19 Cal. 162, a judgment was obtained in the Sixth Judicial District (Sac.). Thereafter an action was brought upon the judgment in the Twelfth District (S. F.). That question being raised, the court said: "There is nothing in the point that suit could not be brought in one district on a judgment recovered in another."

In the instant case the purpose of the action upon the Butte County decree was to obtain a continuing judgment

enforceable by contempt in Los Angeles County, where both parties now reside. An action upon a judgment is in its nature transitory and not local, and may therefore be brought wherever the requisite jurisdiction may be obtained. (Sec. 395, Code Civ. Proc.; 2 Freeman on Judgments, 5th ed., p. 2251.) And, as pointed out by the same author (p. 2212 et seq.), actions are allowed on domestic judgments when the plaintiff will secure some advantage thereby. The advantage here for plaintiff is that she may prosecute her action in the county of her residence rather than proceed to a distant county, and it can scarcely be said that defendant may legitimately object to proceedings in the county of Los Angeles which for several years has also been the county of his residence.

The provision in the Butte County interlocutory decree was as follows: "It is further ordered, adjudged and decreed that the defendant pay to the plaintiff the sum of fifty ($50.00) dollars per month as *alimony* for the support and maintenance of said plaintiff until such time as the plaintiff may remarry." (Italics supplied.) This decree made no reference to a property settlement, although the complaint in the divorce action alleged the making of such an agreement. (See *Ross* v. *Ross,* 1 Cal. (2d) 368 [35 Pac. (2d) 316], and *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 Pac. (2d) 50], as to effect of such a decree.) The final decree contained the following provision: "It is further ordered, adjudged and decreed that the defendant herein pay to the plaintiff herein the sum of fifty ($50.) dollars per month as *alimony* for the support and maintenance of said plaintiff until such time as the said plaintiff may remarry in accordance with property settlement entered into between plaintiff and defendant under date of Sept. 12, 1928." (*Thomas* v. *Superior Court, supra.*)

Whether or not a decree in such form would be subject to modification in Butte County to meet changed circumstances (sec. 139, Civ. Code), or is governed by the law as announced in *Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 Pac. (2d) 540], and *Baxter* v. *Baxter,* 3 Cal. App. (2d) 676 [40 Pac. (2d) 536], we do not here decide in the absence of a complete record before us.

The establishment of the Butte County decree in Los Angeles for purposes of enforcement would not effect a

transfer of the action to Los Angeles County, nor vest in the courts of Los Angeles concurrent jurisdiction with the Butte County court to modify the decree to meet changed conditions. If the Butte County decree is subject to modification, a matter which we do not here decide, the power of the Los Angeles court is limited to adjusting its judgment to conform to changes made by the court which had jurisdiction of the divorce action. (*Cousineau* v. *Cousineau, supra.*) Section 139, Civil Code, cannot be construed as vesting a power of modification in the first instance except to the court granting the divorce.

Neither are we concerned with the ability of defendant to make such payments. Some question is raised that the Los Angeles court failed to find that plaintiff had not remarried, but the complaint so alleged, and the court found that all of the allegations thereof were true. If a marriage by plaintiff has occurred between the filing of the complaint and the entry of judgment, the trial court can take that matter into consideration in its entry of judgment.

Being of the opinion that as a cumulative right plaintiff is entitled to a decree directing payment of the amounts due and to become due under the former judgment, the judgment appealed from must be reversed, and the trial court directed to enter judgment in accordance with the views expressed herein. It is so ordered.

Shenk, J., Curtis, J., Spence, J., *pro tem.* and Waste, C. J., concurred.