[Civ. No. 4818.   Third Appellate District.—January 28, 1933.]

CLYDE THOMAS, Petitioner, v. SUPERIOR COURT OF BUTTE COUNTY et al., Respondents.

Willebrandt, Horowitz & McCloskey for Petitioner.

W. E. Lady for Respondents.

PULLEN, P. J.—Following an action in divorce an order was made and entered directing petitioner to make certain payments of alimony. The payments as directed not having been made, an affidavit was filed purporting to show such nonpayment, and based thereon an order was issued by respondent herein and served upon petitioner directing that

he show cause, if any, why he should not be punished for contempt. The matter came on for hearing before Honorable J. O. Moncur, Judge of the Superior Court, one of the respondents herein, who caused to be entered by the clerk of the court a minute order reciting that no legal excuse for said nonpayment had been shown and that the petitioner herein be adjudged in contempt for his failure to make such payments and further directing that he be imprisoned until compliance with said order, and then the order continued: "It is provided, however, that before commitment issue for the execution of judgment on this order that he be given an opportunity to make such arrangement as may be satisfactory to this court for the payments of all amounts due under said order. And upon failure to so arrange, commitment shall issue forthwith. It is directed that counsel for plaintiff prepare findings, judgment and commitment in accordance herewith."

Thereupon and before any other or further finding, judgment or commitment had been prepared or signed, petitioner applied to this court for an alternative writ of prohibition directed to respondents requiring that they show cause why they should not be restrained from proceeding further in said matter. Respondents appeared by demurrer, alleging that the petition did not state facts sufficient to constitute a cause of action nor grounds for issuance of a writ of prohibition. In support thereof defendant argued that no final order had been made by the court, and until findings and commitment had been issued as directed by the court there was nothing toward which a writ could be directed.

We believe that the objection is valid. While it is true that a minute order might be sufficient to carry out the directions of the court, nevertheless the order here made shows upon its face that it was not intended as a final judgment of the court.

In *Estate of Spreckels,* 165 Cal. 597 [133 Pac. 289, 293], the trial judge directed the clerk of the court to enter a minute order wherein it was recited that a certain disposition should be made as to the estate and ordered that findings and decree of distribution be prepared. Upon the motion to settle the findings pursuant to the foregoing order, certain of those interested in the estate obtained a writ of

*supersedeas* enjoining the trial court from signing the findings or a decree of distribution, insisting that the minute order was itself a judgment determining the rights of the parties in the estate, and the court having disposed of the rights of the parties, was without jurisdiction to enter the decree applied for; the court then proceeded:

"Little need be said on this point. The minute order which is claimed by appellants to have the force of a judgment, followed the announcement in its written opinion of the views of the superior court on the question of advancements, . . . But such order was not a final judgment or decree nor intended to be such or so considered by either court or counsel when it was entered. . . . On its face the minute entry, claimed to be in effect a judgment, is designated as an order, and its terms show that it could not have been intended as a decree of distribution. . . . But as convincing proof it was not intended to be and was not a final decree it ordered 'that findings and a decree of final distribution be prepared accordingly'. The order at most, taken in connection with the circumstances under which it was made, shows that it amounted only to an opinion of the court as to how the estate should be distributed . . . and that the distribution of the estate would only be had on findings and a decree of final distribution to be thereafter prepared and signed."

A judgment is defined by section 577 of the Code of Civil Procedure as "a final determination of the rights of the parties in an action or proceeding". And, an order is defined by section 1003 of the Code of Civil Procedure as "every direction of a court or judge made or entered in writing and not included in a judgment".

An inspection of the minute order entered in the instant case shows that it does not cover certain matters essential to a determination of the matter, and inasmuch as the order contains the proviso set forth above, we are of the opinion that the minute order in question is not a final judgment and that the proceedings herein having been premature, the demurrer should be sustained and the writ dismissed. It is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.