[Civ. No. 5491.   Third Appellate District.—October 8, 1935.]

SUZETTE THOMAS, Petitioner, v. THE SUPERIOR COURT OF BUTTE COUNTY et al., Respondents.

384

William Ellis Lady for Petitioner.

Horowitz & McCloskey for Respondents.

THE COURT.—This is a petition for a writ of *mandamus* to require the Superior Court of the County of Butte to issue an order for the defendant in a divorce case to show cause why he should not be adjudged guilty of contempt for failure to pay alimony required by the provisions of a judgment which was rendered against him.

The petitioner and Clyde Thomas were husband and wife. Dissensions arose between them and they executed a written settlement of property rights in which it was provided that in the event of a divorce "Clyde Thomas is to pay, and does by these presents agree to pay unto the said wife, Suzette Thomas, the sum of fifty ($50.00) Dollars per month, to be paid to his said wife until she may remarry." A complaint for divorce was subsequently filed by this petitioner against her husband in which it was alleged that the agreement in settlement of property rights had been previously executed and "that in said agreement heretofore made certain payments were agreed to be made to the plaintiff herein by the defendant which payments defendant will be bound to pay and plaintiff bound to receive, and if a decree of divorce is entered in this matter said payments shall be included in said decree of divorce and be payable to the plaintiff according to the terms of said agreement". The prayer of the complaint then asked for a decree of divorce and "that the payments agreed to be made by the defendant to plaintiff be incorporated in a decree of divorce and be made payable to plaintiff; and for such other and general relief as the court shall deem meet and proper". This complaint was duly served upon the defendant who failed to appear or answer the same within the time allowed by law or at all and his default was duly entered. October 2, 1928, the cause was tried in the absence of the defendant. Witnesses were sworn and examined and a minute order was entered in the following language: "Interlocutory decree ordered." On the same date a written interlocutory decree of divorce was duly signed and filed containing the following provision with respect to alimony: "It is further ordered, adjudged and decreed that the defendant herein pay to the plaintiff herein the sum of Fifty ($50.00) Dollars per month as alimony for the support

and maintenance of said plaintiff until such time as the said plaintiff may remarry.'' After a lapse of one year and on October 8, 1929, a final decree of divorce was duly entered containing the following language with respect to the settlement of property rights and alimony: ''It is further ordered, adjudged and decreed that the defendant herein pay to the plaintiff herein the sum of Fifty ($50.00) Dollars per month as alimony for the support and maintenance of said plaintiff until such time as the said plaintiff may remarry, in accordance with property settlement entered into between plaintiff and defendant under date of September 12, 1928.'' For a period of time the defendant paid these instalments of alimony, but subsequently defaulted with respect to such payments.

It is alleged in the petition for a writ of *mandamus* that the defendant in the divorce proceeding failed and neglected to pay the petitioner any instalments of alimony from or after February, 1934, and that he is in default of such payments in the aggregate sum of $850; that at all times mentioned he has been and now is employed as an assistant United States district attorney, receiving a salary therefor in the sum of $225 a month and that he has failed and neglected to make said payments of alimony with the wilful purpose of harassing and annoying the petitioner; that after the defendant's default as above stated the petitioner duly made an application to respondent in said divorce proceeding, based upon said alleged facts and asked that court to issue a citation therein for the defendant to show cause why he should not be adjudged guilty of contempt for failure to pay the alimony above mentioned; that the court denied petitioner's application and refused to issue a citation therein. Thereupon this petition for a writ of *mandamus* was filed in this court, praying for an order directing the respondent to show cause why he should not be adjudged guilty of contempt of court for failure to pay alimony as directed by the decree of divorce and praying that the court be required to proceed to hear and determine the question of the defendant's alleged contempt.

Upon this hearing it is contended by the respondent that the petition is insufficient to warrant the issuing of a writ of *mandamus* for the reasons that the complaint in divorce fails to affirmatively demand judgment for alimony and that

the minute order which was entered at the trial of the divorce proceeding fails to specifically award alimony to the plaintiff and fails to approve or adopt the alleged written settlement of property rights between the parties. It is asserted the court was therefore without authority to render either the interlocutory decree or the final decree of divorce awarding alimony to this petitioner. It is asserted that the minute order which was entered upon the trial of the cause amounts to a judgment which is binding upon this petitioner in that regard and that it contains no affirmative order of the court for the defendant in that proceeding to pay to the plaintiff any sum of money as alimony or otherwise.

■ We are of the opinion that the complaint in the divorce proceeding sufficiently alleges the execution of the written settlement of property rights and a sufficient request for the court to approve and adopt the same as a part of its judgment and to allow the plaintiff in that action the sum of $50 a month as alimony. The defendant failed and neglected to appear or answer the complaint. Even though the language might have been more certain and specific, the defendant in the divorce proceeding may not complain of what appears to us to be a fair construction of the pleading. The complaint first alleges that the written agreement of property rights was executed between the parties and then specifically requests ''that the payments agreed to be made by the defendant to the plaintiff be incorporated in the decree of divorce and be made payable to plaintiff''.

■ It is true that reputable authorities have held that where a minute order of the trial of a divorce case has been entered which purports to determine the issues of the proceeding it may be deemed to be the judgment which will be controlling in subsequent proceedings. These authorities, however, are readily distinguishable from the present case. It is apparent from the meager language employed in the minute order of the divorce proceeding in this case that it was not intended by the court as a determination of the issues of the divorce proceeding, for it merely recites ''Interlocutory decree ordered.'' At the time this minute order was made the court signed and filed a formal interlocutory decree of divorce in which the court specifically allowed plaintiff $50 a month ''as alimony for the support and maintenance

of said plaintiff'' and directed the defendant to pay the same. In the final decree of divorce this same language was employed. It is evident that the court did not intend to have the issues of the divorce proceeding determined by the mere entry of the minute order, but upon the contrary a formal decree determining all of the issues of the proceeding was then signed and filed as its judgment therein. The case of *Baxter* v. *Baxter*, 3 Cal. App. (2d) 676 [40 Pac. (2d) 536], relied upon by the respondent, holds that a minute order granting a divorce, approving a property settlement and awarding the custody of children did purport to determine the issues of that case and that it was therefore controlling as a judgment. In that case, however, the minute order was very complete and specific for it contained the following language: ''Interlocutory decree of divorce granted plaintiff. Property settlement approved; decree is made in accordance therewith. Minor children granted to the plaintiff until the further order of the court.'' In the present case the minute order does not purport to settle property rights or make an award of alimony or even determine the right to a divorce. It merely says, ''Interlocutory decree ordered.'' The very language of this minute order contemplates the making and entry of a formal judgment to determine the issues involved in the case. This is vitally different and readily distinguishable from the Baxter case.

On a previous appeal to this court in the case of *Thomas* v. *Superior Court of Butte County*, 129 Cal. App. 282 [18 Pac. (2d) 755], it was held that this very minute order was not intended as a final judgment of the court and upon the contrary it was determined that the formal interlocutory decree was intended as the judgment settling the rights of the respective parties. That decision becomes the law of this case. In that case the Appellate Court said:

''While it is true that a minute order might be sufficient to carry out the directions of the court, nevertheless the order here made shows upon its face that it was not intended as a final judgment of the court.''

We are of the opinion that the petition in this case contains sufficient allegations that the defendant in the divorce proceeding is in default of the payment of alimony which he was duly ordered by the terms of the final judgment

of the trial court to pay, and that he is financially able to pay the same, for the petition alleges that he is earning $225 a month and that he has *wilfully* failed to pay the alimony *with the purpose of harassing and annoying the petitioner*.

We are therefore of the opinion that the writ of *mandamus* should issue as prayed for. It is so ordered.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.