DEFENSE SUPPLIES CORP. ET AL. *v.* LAWRENCE
WAREHOUSE CO. ET AL.

No. 298.   Argued February 3, 1949.—Decided April 18, 1949.

*Morton Liftin* argued the cause for petitioners. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison* and *Samuel D. Slade.*

*W. R. Wallace, Jr.* argued the cause for the Lawrence Warehouse Co., and *Morris Lavine* argued the cause for the Capitol Chevrolet Co., respondents. With them on the brief was *W. F. Williamson.*

MR. JUSTICE MURPHY delivered the opinion of the Court.

We are asked to assess the effect of the Defense Supplies Corporation's dissolution on an action to which it was a party at the time of dissolution. Petitioners are the Defense Supplies Corporation and the Reconstruc-

tion Finance Corporation. Both are arms of the United States Government.[1]

Defense Supplies Corporation brought action against respondents in the District Court for the Northern District of California, in February, 1944, alleging respondents' negligent destruction of automobile tires owned by Defense Supplies and stored by respondents. Respondents denied their negligence. The District Judge tried the cause without a jury in February, 1945. He ordered the case submitted on July 16, 1945, and in January, 1946, found negligence and ordered judgment for Defense Supplies Corporation in the amount of $41,975.15 and costs, 67 F. Supp. 16; engrossed findings and final judgment were entered in April, 1946. Respondents filed notice of appeal on June 14, 1946; the appeal was argued in the Court of Appeals for the Ninth Circuit in October, 1947, and in December the court affirmed the judgment below. 164 F. 2d 773. In January, 1948, rehearing was denied.

Then respondents discovered that Defense Supplies Corporation "did not exist." Congress had dissolved the theretofore successful litigant as of July 1, 1945, by the Joint Resolution of June 30, 1945, 59 Stat. 310, and transferred all its assets to the Reconstruction Finance Corporation—after trial, but before judgment, in the District Court. The Court of Appeals, one judge dissenting, granted respondents' second petition for reconsideration; denied a motion to substitute the Reconstruction Finance Corporation as out of time; and vacated the judgment entered in favor of the Defense Supplies Corporation, ordering the action dismissed. 168 F. 2d 199. We brought the case here on certiorari, 335 U. S. 857, because of alleged conflict with *Gaynor* v. *Metals Reserve*

---

[1] Reconstruction Finance Corporation, 15 U. S. C. § 601 *et seq.;* Defense Supplies Corporation, see footnote 6, *infra.*

*Co.,* 166 F. 2d 1011, in the Court of Appeals for the Eighth Circuit.

Our decision rests upon interpretation of the statute dissolving Defense Supplies Corporation. For although our conception of a corporation centers upon legislative grant rather than spontaneous existence, see *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23, 30–31, 170 N. E. 479, 481–482, the courts have generally treated a corporation's demise much as they have that of a natural litigant. *Mumma* v. *Potomac Co.,* 8 Pet. 281, 287; *National Bank* v. *Colby,* 21 Wall. 609; *Pendleton* v. *Russell,* 144 U. S. 640; *Oklahoma Natural Gas Co.* v. *Oklahoma,* 273 U. S. 257. The parallel has not been the subject of universal admiration, see Marcus, *Suability of Dissolved Corporations,* 58 Harv. L. Rev. 675; and is by no means exact, *Shayne* v. *Evening Post Publishing Co.,* 168 N. Y. 70, 78, 61 N. E. 115, 117; *Bruun* v. *Katz Drug Co.,* 351 Mo. 731, 173 S. W. 2d 906. But at least one facet of the analogy has seemed too clear to permit change without an "independent lift of power"[2] from the Congress. Whether phrased in terms of adherence to precedent, congressional acceptance of that precedent,[3] or the "impossibility" of proceeding "without a defendant,"[4] most courts have held that the dissolution of a corporation works an abatement of pending actions.[5]

But a time-honored feature of the corporate device is that a corporate entity may be utterly dead for most

---

[2] L. Hand, J., in another context, *Helvering* v. *Proctor,* 140 F. 2d 87 at 89.

[3] The statute dissolving Defense Supplies Corporation, footnote 6, *infra,* is an example.

[4] *Mumma* v. *Potomac Co., supra; Peora Coal Co.* v. *Ashcraft,* 123 W. Va. 586, 595, 17 S. E. 2d 444, 448.

[5] The problem is distinct from that of survival of causes of action. *Fix* v. *Philadelphia Barge Co.,* 290 U. S. 530.

purposes, yet have enough life remaining to litigate its actions. All that is necessary is a statute so providing. *Oklahoma Gas Co.* v. *Oklahoma, supra; Pease* v. *Rathbun-Jones Engineering Co.,* 243 U. S. 273, 277. Unless the statutory terms are observed, however, the consequences of total dissolution attach, and, if we follow *Oklahoma Natural Gas Co.* v. *Oklahoma, supra,* and cases cited, the actions abate.

The controlling statute is set out in full in the margin.[6] The first section dissolves several Government

---

[6] *"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That, notwithstanding any other provision of law, all functions, powers, duties, and authority of the corporations hereinafter designated, are hereby transferred, together with all their documents, books of account, records, assets, and liabilities of every kind and nature, to Reconstruction Finance Corporation and shall be performed, exercised, and administered by that Corporation in the same manner and to the same extent and effect as if originally vested in Reconstruction Finance Corporation, and the designated corporations are hereby dissolved: Defense Plant Corporation, Metals Reserve Company, Rubber Reserve Company, and Defense Supplies Corporation, created by Reconstruction Finance Corporation pursuant to the Act of June 25, 1940 (54 Stat. 572), and Disaster Loan Corporation, created by the Act of February 11, 1937 (50 Stat. 19), are hereby designated as the corporations to which this joint resolution applies.

"Sec. 2. The Reconstruction Finance Corporation shall assume and be subject to all liabilities, whether arising out of contract or otherwise, of the corporations dissolved by this joint resolution. No suit, action, or other proceeding lawfully commenced by or against any of such corporations shall abate by reason of the enactment of this joint resolution, but the court, on motion or supplemental petition filed at any time within twelve months after the date of such enactment, showing a necessity for the survival of such suit, action, or other proceeding to obtain a determination of the questions involved, may allow the same to be maintained by or against the Reconstruction Finance Corporation.

"Sec. 3. This joint resolution shall take effect on July 1, 1945." 59 Stat. 310.

corporations, including Defense Supplies, and transfers all their assets and authority to the Reconstruction Finance Corporation. Section 2 provides that "no suit, action, or other proceeding lawfully commenced by or against any of such corporations shall abate . . ., but the court, on motion or supplemental petition filed at any time within twelve months after" July 1, 1945, showing necessity for survival, "may allow the same to be maintained by or against" Reconstruction Finance. The question presented now is whether the failure to substitute by July 1, 1946, deprives petitioner Defense Supplies Corporation of its $42,000 judgment.

*First.* We agree with the Court of Appeals that the motion to substitute Reconstruction Finance was out of time. The statute provides for substitution during the year after July 1, 1945, and Reconstruction Finance's motion was presented to the court below on March 2, 1948. We do not think Congress intended a gesture of futility when it stated a twelve-month period for substitution.

*Second.* But the court read the substitution provision as conditioning the action's continuance: unless Reconstruction Finance became the litigant, the action abated. It therefore held that the District Court was without jurisdiction to enter judgment for Defense Supplies after July 1, 1945, and vacated the judgment so entered.

We disagree. The statute states categorically that "no action shall abate." Following that command, provision is made for substituting Reconstruction Finance. If Reconstruction Finance is not substituted within one year, the action by or against Defense Supplies is, of course, at an end and the parties are left in *statu quo;* but there is nothing to show that during the year in which Reconstruction Finance may be substituted, action by or against Defense Supplies cannot continue in Defense Supplies' name. If Congress states that no ac-

tion shall abate, we fail to see why we should make additional language a proviso. And since the District Court entered its judgment during the year allowed for substitution of the Reconstruction Finance Corporation, we conclude that it was valid when entered.

The Court of Appeals thought that *LeCrone* v. *McAdoo*, 253 U. S. 217; *Payne* v. *Industrial Board*, 258 U. S. 613; and *United States ex rel. Claussen* v. *Curran*, 276 U. S. 590, dictated a contrary result. They do not. They rather demonstrate the validity of our interpretation. The statutory language construed in the *LeCrone* and *Payne* cases was substantially the same as that under scrutiny now,[7] and the court held only that the actions were "at an end" in this court after the year given for substitution had expired—that after that year, we had no jurisdiction to review the merits. The court did not suggest that the courts below had entered their judgments improperly. It simply dismissed the writs of error.[8] But in 1925 the statute was amended. The

---

[7] *"Be it enacted* . . . That no suit, action, or other proceeding lawfully commenced by or against the head of any Department or Bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the Court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office . . . ." 30 Stat. 822.

[8] Mr. McAdoo resigned as Secretary of the Treasury on November 22, 1918. The resignation was to be effective when his successor took office. New York Times, Nov. 23, 1918, p. 1, col. 8. Carter Glass took office as Secretary of the Treasury on December 16, 1918. New York Times, Dec. 17, 1918, p. 17, col. 2. The writ in *LeCrone* v. *McAdoo* was dismissed on June 1, 1920.

John Barton Payne resigned as Director General of Railroads in

command, "no action shall abate," was omitted; the new provision made it unmistakably clear that the validity of the judgment was conditional upon substitution.[9] And when called upon to interpret the new statute, we went further than we had in *Payne* and *LeCrone*. We vacated the judgments below, and remanded to the District Court with a direction to dismiss the cause as abated. *United States ex rel. Claussen* v. *Curran, supra.*

Three conclusions follow from our interpretation of the statute, plus the *Payne* and *LeCrone* interpretations of a statute with nearly identical language. The first is that the Court of Appeals was without jurisdiction to review the merits of the cause, since respondents called for review after the period given for substitution had expired. In addition, the District Court judgment was valid when entered, since it was entered during the one-year period. And finally the judgment was not robbed of its vitality by the abatement of appellate proceedings. The latter conclusion adheres to the familiar rule that a judgment against or in favor of a corporation is not erased by subsequent dissolution. *Pendleton* v. *Russell,*

---

April, 1921. Who Was Who in America (Chicago, 1943), p. 946. The writ in *Payne* v. *Industrial Board* was dismissed on May 1, 1922.

[9] *"Be it enacted . . .* SEC. 11. (a) That where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, or of the District of Columbia, or the Canal Zone, or of a Territory or an insular possession of the United States, . . . such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved." 43 Stat. 936, 941.

*supra,* at 646. See 47 A. L. R. 1385, n. 1. There is no good sense in departing from that principle because a notice of appeal was filed in this case before the corporation ended for all purposes. For even if the judgment had been stayed—a fact that does not appear in the record before us—the stay would have been conditional upon perfecting the appeal. And we do not think respondents are in a position to object that they could not perfect an appeal because the Court of Appeals had no jurisdiction, when respondents could have remedied the defect by a motion to substitute the Reconstruction Finance Corporation.

We have held, above, that the Court of Appeals had no jurisdiction to review the merits. *LeCrone* and *Payne* show that we likewise have no jurisdiction so far as the merits are concerned. But that, of course, does not affect our power to set aside the erroneous action of the Court of Appeals. Our supervisory appellate jurisdiction would be of little value if the injustice caused by the decision below were to stand uncorrected. We are not so constricted. The *Claussen* case, *supra,* indicates that. And *Walling* v. *Reuter, Inc.,* 321 U. S. 671, 676, and cases cited, is conclusive against respondents' argument.

We conclude that the Court of Appeals erred in depriving petitioner Defense Supplies of its valid judgment in the District Court, and we vacate the judgment of the Court of Appeals and remand to that court with directions to dismiss the appeal from the judgment of the District Court. Reconstruction Finance, as the real party in interest, Rule 17 (a), Federal Rules of Civil Procedure; see *Heisen* v. *Smith,* 138 Cal. 216, 219, 71 P. 180, 181, may then bring action on the judgment. Rule 81 (b); *Mitchell* v. *St. Maxent's Lessee,* 4 Wall. 237, 242–243; Freeman, Judgments (5th ed.), § 1091, p. 2268; *Town of Fletcher* v. *Hickman,* 165 F. 403; *Thomas* v.

*Thomas,* 14 Cal. 2d 355, 358, 94 P. 2d 810, 812. *Scire facias* revival, while often considered merely a continuation of the original suit, *United States* v. *Payne,* 147 U. S. 687, 690, is a separate action for this purpose, and in the setting of this statute. See *Browne* v. *Chavez,* 181 U. S. 68.[10]

*Vacated and remanded.*

---

[10] The view we take of this case makes it unnecessary to decide whether principles of estoppel might not foreclose respondents' attack upon the failure to substitute. Compare *Habich* v. *Folger,* 20 Wall. 1; *Pease* v. *Rathbun-Jones Engineering Co., supra,* at 277; with *United States ex rel. Claussen* v. *Curran, supra;* and *Mumma* v. *Potomac Co., supra.* Nor need we determine whether the entry of a *nunc pro tunc* order by the Court of Appeals would have properly avoided the problem of statutory construction. Compare *Jackson* v. *Smietanka,* 272 F. 970, with *Mitchell* v. *Overman,* 103 U. S. 62; *Quon Quon Poy* v. *Johnson,* 273 U. S. 352, 359; *Shakman* v. *United States Credit System Co.,* 92 Wis. 366, 377–378, 66 N. W. 528, 532; *State* v. *Waldo Bank,* 20 Me. 470.