**UPDEGRAFF v. PACE, Secretary of the Army.**

No. 10546.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1950.

Decided Feb. 23, 1951.

Mr. Harry L. Walker, Washington, D. C., with whom Mr. George C. Updegraff, Washington, D. C., pro se, was on the brief, for appellant.

Mr. Benjamin Forman, Attorney, Department of Justice, of the Bar of the Supreme Court of Massachusetts, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen. H. G. Morison and Messrs. George Morris Fay, U. S. Atty., and Samuel D. Slade, Attorney, Department of Justice, were on the brief, for appellee. Messrs. William T. Becker and Thomas E. Walsh, Attorneys, Department of Justice, and Joseph F. Goetten, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, BAZELON, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from an order of the District Court dismissing the action for lack of jurisdiction. The case was argued here both on the merits and on the appellee's motion to dismiss the appeal for lack of appellate jurisdiction on the ground that the cause had abated while pending in the District Court prior to the entry of judgment. The disposition which we make of the case at this time requires only a brief statement of the facts.

The appellant instituted this proceeding in the District Court against the Secretary of War [1] on November 19, 1946, claiming that certain of his Army records had been illegally altered, and that as a consequence of the alteration he had been separated from active service as a reserve officer without the retirement pay benefits to which he was entitled. The order relieving the appellant from active duty had followed a finding by an Army Retiring Board, subsequently approved by the Disability Review Board and the Secretary of War, that he was permanently physically incapacitated and that his condition was not the result of an incident of service.

Before joining issue in the court action the parties made certain arrangements for the appellant to appear before a new Retiring Board for a reconsideration of his claims in a *de novo* proceeding, and by stipulation the time for filing an answer to the complaint was extended indefinitely. On January 28, 1948, the new Board returned a finding to the effect that the appellant was not permanently incapacitated for active service. This did not resolve the controversy, and the appellant shortly thereafter filed a supplemental complaint seeking, in effect, to set aside both the original and *de novo* determinations, to correct those records alleged to have been illegally altered, and for any further relief the court thought proper. In answer the Secretary of the Army contended, among other things, that the court lacked jurisdiction to hear the cause. After hearing argument on that issue, the District Court dismissed the complaint upon that ground on January 11, 1950.

1. The suit was originally brought against Robert P. Patterson who was then Secretary of War. Kenneth Royall, Gordon Gray, and the present appellee Frank Pace, Jr., have successively been substituted as defendants upon succeeding to the office of Secretary of the Army which replaced the former office by virtue of the National Security Act of 1947. 5 U.S.C. § 181-1, 5 U.S.C.A. § 181-1.

On appeal the Secretary of the Army now submits that prior to the entry of judgment in the District Court the action had abated for failure to substitute the Secretary of the Air Force as defendant in his place. It is suggested that the court should therefore dismiss the appeal. Reference is made to § 305(b) of the National Security Act of 1947, which provides as follows:

"(b) No suit, action, or other proceeding lawfully commenced by or against the head of any department or agency or other officer of the United States, in his official capacity or in relation to the discharge of his official duties, shall abate by reason of the taking effect of any transfer or change in title under the provisions of sections 171–171n, 181–1, 181–2, 411a, 411b, 626–626d of this title and sections 401–405 of Title 50; and, in the case of any such transfer, such suit, action, or other proceeding may be maintained by or against the successor of such head or other officer under the transfer, but only if the court shall allow the same to be maintained on motion or supplemental petition filed within twelve months after such transfer takes effect, showing a necessity for the survival of such suit, action, or other proceeding to obtain settlement of the questions involved." 5 U.S.C. § 171*l*(b), 5 U.S. C.A. § 171*l*(b).

In regard to this provision the appellee states that pursuant to § 626c of Title 5, U.S.C., 5 U.S.C.A. § 626c, the functions of his Department in regard to appellant's status were effectively transferred to the Department of the Air Force not later than August 20, 1948.[2]

In opposing the motion to dismiss, the appellant relies principally on two points: (1) that there is nothing in the record of the case showing that his Army records have been transferred, and (2) that the appellee was without power to make the transfer both because the appellant had been transferred to the Inactive Reserve and for the additional reason that the jurisdiction of the court, having once attached, cannot then be ousted by a transfer of the subject matter of the litigation from the defendant to another.

■ We do not think that either of these contentions precludes the application of § 305(b) to this case. Suggestions of abatement made in an appellate court frequently entail reference to matters *dehors* the record. See, e. g., Defense Supplies Corp. v. Lawrence Warehouse Co., 1949, 336 U.S. 631, 69 S.Ct. 762, 93 L.Ed. 931; United States ex rel. Claussen v. Curran, 1928, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720. The statements of the appellee that the records of the appellant have been transferred to the Department of the Air Force in August, 1948, are supported by a certificate of the Adjutant General of the Army to that effect. In these circumstances it does not appear necessary to remand the case to the District Court for a determination as to its accuracy.

■ Similarly, the provisions of the National Security Act of 1947 grant ample power to the Secretary of Defense to direct the transfer of functions (5 U.S.C. § 626(f), 5 U.S.C.A. § 626(f)), records (5 U.S.C. §§ 626(f), 626c(e), 5 U.S.C.A. §§ 626(f), 626c(e)), and military personnel (5 U.S.C. §§ 626(f), 626c(c–e), 5 U.S.C.A. §§ 626(f), 626(c–e)), from the Department of the Army to the Department of the Air Force. No exception from the application of the Act is made for those holding commissions in the Inactive Reserve, assuming the appellant does fall within that category. Nor do we think that the administration of these provisions of the National Security Act of 1947 is subject to being delayed by pending litigation. Enactment of § 305(b) providing for the substitution in court proceedings of "the successor of such head or

---

2. The appellee states that pursuant to Transfer Orders Nos. 1 (12 F.R. 6616), 3 (12 F.R. 7327), 10 (13 F.R. 2428), 16 (13 F.R. 3461), and 20 (13 F.R. 4874) and various Joint Army and Air Force Adjustment Regulations, all issued pursuant to authority granted by the National Security Act of 1947, the military records of the appellant were physically transferred to the Department of the Air Force on May 20, 1948, and were officially transferred on August 20, 1948.

other officer under the transfer" clearly indicates that Congress intended otherwise.

■■ The provisions of 305(b) therefore clearly apply to the case in its present posture. It does not follow, however, that the proper disposition is to dismiss the appeal on the ground the action has abated. The language of § 305(b) is substantially the same as that involved in Defense Supplies Corp. v. Lawrence Warehouse Co., supra. The Supreme Court there held that the actions did not abate but were only "at an end" after the period for substitution had expired.[3] There the twelve-month period had expired shortly after judgment was entered in the District Court, and accordingly that judgment was not disturbed, the Court stating " * * * the District Court judgment was valid when entered, since it was entered during the one-year period." 336 U.S. at page 638,

69 S.Ct. at page 765, 93 L.Ed. 931. In this respect the instant case differs. Here, the expiration date of the period for substitution came on August 20, 1949; the judgment of the District Court was entered on January 11, 1950. Coming afterwards, as did the judgment of the Court of Appeals on review of the merits in the Defense Supplies Corp. case, it is similarly defective. See 336 U.S. at page 638, 69 S.Ct. at page 765, 93 L.Ed. 931. If left undisturbed, it might serve to bar future action.[4]

■ The proper disposition of the appeal, therefore, is to vacate the judgment of the District Court and remand with directions to dismiss the action without prejudice to its renewal against the proper party. See Fix v. Philadelphia Barge Co., 1934, 290 U.S. 530, 54 S.Ct. 270, 78 L.Ed. 481; 28 U.S.C. § 2106, 28 U.S.C.A. § 2106.

It is so ordered.

---

3. See, also, Snyder v. Buck, 1950, 340 U. S. 15, 18-19, 71 S.Ct. 93.

4. See Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 402-403, 60 S.Ct. 907, 84 L.Ed. 1263.