**In re R.L. JONES & SONS, INC., Debtor.**

**Bankruptcy No. 96–41794.**

United States Bankruptcy Court, W.D. Missouri, Kansas City Division.

Sept. 12, 1996.

Gary Barnes, Husch & Eppenberger, Kansas City, MO, John M. Crossett, Withers, Brant, Igoe & Mullennix P.C., Liberty, MO, for Petitioner.

Janice Stanton, Dennis, Stanton & Redlingshafer, LLC, Kansas City, MO, for Respondent.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Creditor Kansas City Freightliner Sales, Inc. ("KCFL") asked this Court to find that the automatic stay is not applicable to the prosecution and continuation of a lawsuit filed in the Circuit Court of Clay County, Missouri (the "Clay County Case") in which KCFL is attempting to hold the alleged officers and directors of debtor R.L. Jones & Sons, Inc., personally responsible for the debts of such corporation. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

Debtor was incorporated in the State of Missouri on January 16, 1974. The corporate charter was forfeited on November 2, 1987, due to debtor's failure to pay franchise taxes. In 1995, while debtor's corporate charter was in forfeiture, Debtor incurred debt of approximately $24,000.00 to KCFL. KCFL filed the Clay County Case in an effort to recover said debt from the assets of the principals of the corporation. Debtor filed a Chapter 11 bankruptcy petition on June 3, 1996, and shortly thereafter, on July 1, 1996, the forfeiture of debtor's corporate

charter was rescinded by the Secretary of State of the State of Missouri.

The issue here is whether the Missouri Secretary of State acted properly in rescinding the forfeiture of debtor's corporate charter. If so, Missouri law provides that such rescission is retroactive to the date of forfeiture, meaning that the directors would have the benefit of the corporate shield. Otherwise, Missouri law provides that corporations whose corporate charter has been forfeited cannot have the forfeiture rescinded. If such is the law, the Secretary of State had no authority to rescind the forfeiture in this case. The directors and officers of a corporation whose corporate charter has been forfeited serve as statutory trustees of such a corporation. In their capacity as statutory trustees, they are liable to the extent corporate property has come into their hands during dissolution. However, KCFL argues that debtor's statutory trustees are also liable for any debts incurred during the transaction of new business while the corporate charter was in forfeiture.

For the reasons set forth below, I find that the automatic stay is applicable to the case styled *Kansas City Freightliner Sales, Inc. v. Robert L. Jones, Sr., Individually, d/b/a R.L. Jones & Sons and Robert L. Jones, Jr., Individually, d/b/a R.L. Jones & Sons,* Case No. CV 196–2374 AC. KCFL's motion, therefore, is denied.

### DISCUSSION

■ The 85th General Assembly of the Missouri Legislature made major revisions to the Missouri General and Business Corporation Law (the "Corporate Laws") in 1990 (the "1990 Amendments"). Gary D. Justis, *Avoiding a Minority Shareholder Oppression Claim in a Close Corporation in Missouri: The Impact of the New Close Corporation Statutes,* 56 Mo.L.Rev. 257 (1990). The revisions were patterned after the Revised Model Business Corporation Act of 1984. *Id.* One of the goals of the 1990 Amendments was to make dissolution procedures simpler and more practical. Stephen M. Todd, *Conveyancing Practices Under the 1990 Corporation Law Revision,* 49 J.Mo.Bar 11, 20 (1992). Prior to August 28, 1990, the effective date of the 1990 Amendments, a corporation forfeited its corporate charter if the Secretary of State determined that such corporation had failed to pay franchise taxes, to file annual reports, or to maintain a registered agent. Charles Hansen and Don G. Lents, Missouri Corporation Law & Practice, § 9.3(b), 9–23 (2d ed. 1991). Under the 1990 Amendments, the concept of forfeiture of the corporate charter was replaced by administrative dissolution. *Id.* Now, if the Secretary of State determines that one or more grounds for administrative dissolution exists, "the corporation shall be served with written notice of such determination and given 60 days to correct such deficiency or to demonstrate that no deficiency existed." *Id.;* Mo. Stat.Ann. § 351.486.2 (1991). If the corporation fails to correct the deficiency within the allotted 60 days, the Secretary of State shall dissolve the corporation by signing a "certificate of dissolution." Mo.Stat.Ann. § 351.486.2 (1991).

■ A corporation administratively dissolved under the 1990 Amendments continues its corporate existence only for the purpose of liquidating and winding up its business affairs. Missouri Corporation Law & Practice, at § 9.3[b], 9–23. "Any officer or director who conducts business on behalf of a dissolved corporation except for winding up and liquidation is personally liable for any obligation so incurred." *Id.;* Mo. Stat.Ann. § 351.476.2(3) (1991).

Similarly, prior to the 1990 Amendments, Missouri law imposed liability on the statutory trustees of a "defunct" corporation for any obligations they incurred by the transaction of new business. Missouri Corporation Law & Practice, at § 9.3[b], 9–23; Mo.Stat.Ann. 351.525 (1986). *State ex rel. Jay Bee Stores, Inc. v. Edwards,* 636 S.W.2d 61, 63 (Mo.1982) (en banc); *Leibson v. Henry,* 356 Mo. 953, 204 S.W.2d 310, 316 (1947) (en banc); *Ellison v. Valley View Dairy, Inc.,* 905 S.W.2d 93, 96 (Mo.Ct.App.1995); *Southwestern Bell Media, Inc. v. Ross,* 794 S.W.2d 706, 708 (Mo.Ct.App. 1990); *Bodine Aluminum Co., Inc. v. Mitauer,* 776 S.W.2d 485, 487 (Mo.Ct.App.1989); *Borbein, Young & Co. v. Cirese,* 401 S.W.2d 940, 943 (Mo.Ct.App.1966). Given that forfeiture occurred automatically, and without

notice, Missouri law, prior to the 1990 Amendments, tempered the harsh result of liability by allowing for reinstatement. Mo. Stat.Ann. § 351.540 (1986).[1] A forfeiture of corporate rights and privileges prior to August 28, 1990, could be rescinded by curing the default which led to forfeiture, and such rescission was retroactive to the date of the forfeiture. Mo.Stat.Ann. § 351.540.2 (1986); *Amoco Oil Co. v. Hembree,* 776 S.W.2d 68, 69 (Mo.Ct.App.1989). In *Amoco Oil* the Court found no personal liability for debts incurred during forfeiture, even though the charter had been in forfeiture for eleven years prior to reinstatement. 776 S.W.2d at 69.

A critical component of the 1990 Amendments was to allow reinstatement of a dissolved corporation, but to limit the time to apply for such reinstatement to two years within the effective date of the dissolution. Mo.Stat.Ann. § 351.488 (1991); Charles Hansen and Don G. Lents, *Missouri Corporation Law & Practice,* § 9.1 at 9–2–9–3. Ironically, the Missouri Legislature amended section 351.488 in 1994 and repealed the two year limitation. The new provision states "[a] corporation administratively dissolved under section 351.486 may apply to the secretary of state for reinstatement." Mo.Stat.Ann. § 351.488.1 (Supp.1996). Thus, one of the primary incentives for the 1990 Amendments, to limit the time for reinstatement, is no longer applicable. As a practical matter, reinstatement of an administratively dissolved corporation is once again very similar to rescission of a forfeited corporate charter. Unfortunately, however, the Missouri legislature has never specifically stated whether this procedure for reinstatement applied to corporations whose corporate charters had been "forfeited" prior to 1990.

The legislature did deal with forfeited corporations in 1995, when it adopted section 351.526. That section, which authorizes the directors and officers of a corporation to wind up its affairs, reads as follows:

> If the corporate rights and privileges of any corporation were forfeited prior to August 28, 1990, the directors and officers in office when the forfeiture occurred shall be the trustees of the corporation, and shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, pay its debts and obligations, execute in its corporate name deed and other instruments of transfer, and to distribute the net assets among the shareholders. The trustees as such may sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such, and the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.

Mo.Stat.Ann. § 351.526 (Supp.1996). Nothing in the 1995 provision deals with whether corporations whose charters have been forfeited can be reinstated and, if so, whether such reinstatement is retroactive.

There are a number of factors in favor of finding that Missouri law allows debtor's corporate charter to be reinstated. First, debtor was sent a notice of forfeiture by the Secretary of State on November 2, 1987, which stated that "the corporate rights, privileges and franchises heretofore conferred by this state upon [debtor are] forfeited and canceled, subject to rescission as in these acts provided." Doc. # 64, Ex. B. It is

---

1. Prior to 1990, rescission of corporate charter forfeitures was controlled by section 351.540 which provided:

 1. The secretary of state may rescind the forfeiture of the corporate rights of any corporation, declared under the provisions of subdivision (1) or (4) of section 351.525, upon presentation of an affidavit signed by any of the directors or officers in office when the forfeiture occurred acting in his capacity as one of and on behalf of the statutory trustees constituted under section 351.525 ... The affidavit shall recite that the trustees have caused the correction of the condition or con-

 ditions giving rise to the forfeiture or that a tax payback plan has been arranged with the director of revenue.

 2. Upon the issuance of a certificate rescinding the forfeiture of the corporate rights of a corporation, the restoration of corporate rights and privileges shall have effect from the date of the forfeiture, and all acts of the corporation, in the period between the date of forfeiture and the date of the rescission of the forfeiture shall be thereby confirmed and held as the acts of the original corporation.

 Mo.Stat.Ann. § 351.540 (1986) (repealed).

undisputed that debtor was never subsequently sent a notice informing it that, as a result of the 1990 Amendments, debtor's right to rescission no longer existed.

Second, the Corporate Laws provide that:

All rights, privileges, immunities and franchises vested or accrued under the provisions of any law in force prior to the enactment of this chapter, and all pending suits and rights of action conferred shall not be impaired, diminished or affected hereby, or by the repeal of any such prior laws. Any liability or penalty incurred under prior laws prior to the repeal thereof shall not be impaired, diminished or affected hereby. All acts and laws not expressly repealed hereby shall continue in full force and effect.

Mo.Stat.Ann. § 351.695 (1991). Debtor argues that this provision authorizes the Secretary of State to issue a Certificate of Rescission to a corporation which forfeited its corporate charter prior to August 28, 1990. KCFL argues that this is a general provision which was originally adopted in 1943, prior to the adoption of the Model Business Corporation Laws by the State of Missouri. I fail to see the significance of KCFL's argument in this regard. Section 351.695 has never been repealed. The plain language of the statute supports debtor's argument that the repeal of section 351.540 did not destroy a corporation's right to rescission if the corporation's charter was in forfeiture at the time said statute was repealed. Therefore, in amending the corporate laws, the Legislature did not need to specifically provide that forfeited corporate charters could be reinstated, since Missouri law already protected that right.

Third, the Secretary of State did rescind the forfeiture on July 1, 1996, ostensibly under some authority. Doc. # 64, Ex. D. KCFL argues that the Secretary of State in the past refused to rescind forfeitures, and has only recently changed its policy, therefore, such actions are not relevant to what an accurate interpretation of the Corporate Laws should be. That may well be, however, such an argument does not address the principal issue here. If the Missouri legislature intended to force all corporations whose corporate charters were in forfeiture to liquidate by virtue of the 1990 Amendments, it could have clearly stated such intention. The Secretary of State sent notice to debtor in 1987 informing it that its corporate charter had been forfeited and of its right to rescission. At the very least, the Secretary of State would have been required to notify debtor that such right had been withdrawn. It is also significant that for three years the Secretary of State was operating under a statute which stated a corporation not in good standing had two years to correct any deficiencies. It is reasonable that after 1994, when the Missouri legislature repealed the two year statute of limitations, the Secretary of State once again began rescinding forfeited corporate charters. And, the Missouri legislature tends to treat the terms administrative dissolution and forfeiture interchangeably at times. For example, Chapter 351 still carries the subtitle DISSOLUTION AND FORFEITURE. *See* Mo.Stat.Ann. between § 351.459 and § 351.460. The Secretary of State stated that debtor was "administratively forfeited for Annual Franchise Taxes as required by the Laws of this State and that said dissolution was rescinded as of the 1st day of July, 1996." Doc. # 47, Ex. A. The grounds for administrative dissolution are essentially the same grounds as those stated for forfeiture. *Compare* Mo.Stat.Ann. §§ 351.484 (Supp.1996) and 351.525 (1991) (repealed 1991). A corporation administratively dissolved may apply for reinstatement by correcting any and all deficiencies which led to the dissolution. Mo.Stat.Ann. § 351.488 (Supp.1996). A corporation whose corporate charter had been forfeited could have had the forfeiture rescinded by correcting any and all deficiencies which led to the forfeiture. Mo.Stat.Ann. § 351.540.1 (1986).

For all of the above reasons, I find that debtor R.L. Jones & Sons, Inc., is a corporation in good standing in the State of Missouri. In summary, the Corporate Laws in Missouri allowed for debtor to be reinstated as a valid corporation by correcting any deficiencies at the time the corporate charter was forfeited in 1987. In 1995, when the debt to KCFL was incurred, the Corporate Laws in Missouri permitted reinstatement

upon the correction of any deficiencies, no matter how long a corporation had been administratively dissolved. In 1996, after debtor's bankruptcy was filed, the Secretary of State rescinded the forfeiture of the corporate charter and reinstated debtor as a corporation in good standing. I, therefore, find that the proper interpretation of Missouri's Corporate Laws at this time is that corporations whose corporate charters were forfeited prior to August 28, 1990, as well as corporations who have been administratively dissolved since August 28, 1990, may be reinstated by correcting any deficiencies. The reinstatement is retroactive to the date of either the forfeiture or the administrative dissolution.

■ Debtor filed its bankruptcy petition before the Secretary of State rescinded the forfeiture of its corporate charter. However, under the amended Corporate Laws a dissolved corporation continues its corporate existence. Mo.Stat.Ann. § 351.476.1 (1991). The statutory trustees had the authority to commence a proceeding by the corporation in its corporate name. Mo.Stat.Ann. § 351.476.2(5) (1991) and 351.526 (Supp. 1996); *In re McCullough and Co.,* 199 B.R. 179, 182–83 (Bankr.W.D.Mo.1996); *Barnes v. Heckman (In re Material Engineering Assoc. Ltd.),* 168 B.R. 204, 210 (Bankr.W.D.Mo. 1994); *Reben v. Wilson,* 861 S.W.2d 171, 176 (Mo.Ct.App.1993); *Mabin Const. Co., Inc. v. Historic Constructors, Inc.,* 851 S.W.2d 98, 102–03 (Mo.Ct.App.1993). Furthermore, the dissolution of a corporation does not transfer title to the corporation's property. Mo.Stat. Ann. § 351.476.2(1) (1991). Therefore, I find that debtor's statutory trustees had the capacity to file the bankruptcy petition.

An Order in accordance with this Memorandum Opinion will be entered this date.