88 F.Supp.2d 1005 (2000)
William GARDNER, Plaintiff,
v.
4 U TECHNOLOGY, INC., a Missouri corporation, et al., Defendants.
No. 4:99-CV-1801 CAS.
United States District Court, E.D. Missouri, Eastern Division.
March 16, 2000.
*1006 David M. Heimos, Heimos Law Office, Clayton, MO, for William K. Gardner, plaintiff.
Guang Ming Li, St. Louis, MO, for 4 U Technology, Inc., a Missouri corporation, defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant Shing-Yan (Edward) Kuo's motion to dismiss for failure to state a claim upon which relief may be granted.[1] Plaintiff opposes the motion. For the following reasons, the Court concludes that the motion to dismiss should be granted in part and denied in part.

Background.
Plaintiff, a former employee of defendants, brings this action alleging national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") (Count I) and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 et seq. ("MHRA") (Count II). Plaintiff also asserts supplemental state law claims for libel (Count III), violation of the Missouri Service Letter statute, Mo.Rev.Stat. § 290.140 (1994) (Count IV), and violation of Mo.Rev.Stat. §§ 407.911, et. seq. (1994), regarding payment of sales commissions (Count V). Defendant Kuo moves to dismiss on the basis that he has no individual liability to plaintiff for any of the actions alleged in the complaint.

Standard of Review.
The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. Midwestern Machinery, 167 F.3d at 441; Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).
*1007 Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing its sufficiency. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). The Court will therefore consider the exhibits attached to plaintiff's complaint. Defendant Kuo has submitted matters outside the pleadings in connection with his motion to dismiss. A motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir.1999), cert. denied, ___ U.S. ___, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000); Woods v. Dugan, 660 F.2d 379, 380 (8th Cir.1981) (per curiam). When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992).
In this case, the Court will decline to treat defendant Kuo's motion to dismiss as a motion for summary judgment, and will exclude from its consideration the matters outside the pleadings attached to the motion.

Discussion.
In the complaint, plaintiff asserts, inter alia, that defendant 4 U Technology (the "Corporation") was administratively dissolved by the Missouri Secretary of State on February 9, 1998, and was reinstated to good standing on September 24, 1999. Plaintiff asserts that defendant Kuo was the Corporation's incorporator and its only officer, director and registered agent. Plaintiff asserts that the allegedly wrongful conduct he complains of occurred during the period of time in which the Corporation was administratively dissolved, and therefore asserts claims against both the Corporation and Kuo.
Defendant Kuo moves to dismiss plaintiff's discrimination claims against him on the basis that he is not personally liable as an "employer" until Title VII or the MHRA in his capacity as a supervisor, officer or agent of the Corporation. Kuo also contends that plaintiff has failed to file a charge of discrimination naming him personally. Kuo moves to dismiss plaintiff's libel claim, asserting that he, as an individual, did not take any action libeling plaintiff. Kuo moves to dismiss plaintiff's service letter claim against him individually, contending that the statute contemplates only corporate liability. Kuo argues that under Mo.Rev.Stat. § 351.488.3 (1998 Supp.), when an administratively dissolved corporation is reinstated, the reinstatement relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred. Thus, Kuo argues that any liability he might have incurred in conducting the Corporation's business while it was dissolved, see Mo.Rev.Stat. § 531.486.3 (1994), is made a corporate liability upon reinstatement. Kuo does not, however, cite any cases construing or applying these statutes.
In response, plaintiff argues that with respect to his libel claim, Kuo individually and as an agent of the Corporation filed a police report which contained certain false and defamatory statements concerning plaintiff, and therefore is clearly a proper party defendant on this claim.[2] With respect to the remaining counts, plaintiff argues that because the Corporation was administratively dissolved between February 9, 1998 and September 24, 1999, when most of the conduct he complains of took place, plaintiff is personally liable as the Corporation's only officer, director, registered agent and incorporator. Plaintiff cites no authority in support of his contention.
*1008 Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b). The Eighth Circuit has held that Title VII does not impose individual liability on an employer's agents. Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir.1998) (supervisor); Spencer v. Ripley Co. State Bank, 123 F.3d 690, 691-92 (8th Cir.1997) (per curiam) (officer). Similarly, supervisors are not individually liable under the MHRA, which imposes liability only on the common employer pursuant to the doctrine of respondeat superior. Lenhardt v. Basic Inst. of Tech., 55 F.3d 377, 380-81 (8th Cir.1995).
These precedents, however, do not govern this case. The issue here is whether defendant Kuo may be liable to plaintiff as an "employer" under Title VII because he was an officer and director during the time the actions were taken, while the Corporation was administratively dissolved. Resolution of this issue must turn on construction of the Missouri statutes governing corporate administrative dissolution and reinstatement of a corporation formerly dissolved. See Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634-35, 69 S.Ct. 762, 93 L.Ed. 931 (1949); Moore v. Occupational Safety and Health Review Comm'n, 591 F.2d 991, 993 (4th Cir.1979).
Under Missouri law, a corporation that is administratively dissolved continues its corporate existence, but may not carry on any business except that necessary to wind up and liquidate its business and affairs. Mo.Rev.Stat. § 351.486.3. The statute provides that "any officer or director who conducts business on behalf of a corporation so dissolved except [for winding up and liquidating its affairs] shall be personally liable for any obligation so incurred." Id. Missouri law also contemplates reinstatement of corporations following administrative dissolution. Mo.Rev.Stat. § 351.488. The statute provides in part, "When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." § 351.488.3.
Thus, while the corporate dissolution statute imposes personal liability on officers or directors who conduct business on behalf of a dissolved corporation, as defendant Kuo did, the reinstatement statute provides for the resumption of corporate business as if no dissolution had ever occurred. The question is whether Kuo's personal liability continues after the Corporation's reinstatement, or whether he was relieved from personal liability upon reinstatement.
The Court has been unable to find any reported Missouri cases which address this question under the current version of the statutes. Under these circumstances, the Court must attempt to determine what Missouri's highest court would conclude if faced with this question. See Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). For the following reasons, the Court concludes that Kuo is relieved from personal liability.
Under prior versions of the statutes, which provided for the forfeiture of a corporate charter and subsequent rescission of the forfeiture, Missouri courts held that the gap in corporate status was "obliterated" by the rescission of the forfeiture, and corporate officers were insulated from personal liability on obligations incurred during the period when the corporation's charter was forfeited. See Amoco Oil Co. v. Hembree, 776 S.W.2d 68, 70-71 (Mo.App. W.D.1989) (applying §§ 351.525, 351.540.2 (1986) (repealed); holding that corporate president and sole shareholder did not have personal liability for debts incurred during forfeiture, even though the charter had been in forfeiture for eleven years prior to reinstatement); see also A.R.D.C., Inc. v. State Farm Fire & Cas. Co., 619 S.W.2d 843, 846 (Mo.App. W.D.1981) (discussing §§ 351.525, 351.540.2: "[E]ven *1009 though it is unlawful for persons to exercise corporate powers after a charter has been forfeited, once that forfeiture has been rescinded the legislature has forgiven the illegal use of corporate powers.")
The United States Bankruptcy Court for the Western District of Missouri, predicting Missouri law with respect to the current statutes, has held that corporate directors and officers who conducted business while a corporation's charter was forfeited were not personally liable for obligations incurred during the forfeiture, where the corporation was later reinstated. In re R.L. Jones & Sons, Inc., 201 B.R. 249, 251-54 (Bankr.W.D.Mo.1996).
Based on the similarity between the present and earlier versions of the statutes, and the Missouri Court of Appeals' decision in Hembree, this Court concludes the Missouri Supreme Court would hold that any personal liability incurred by defendant Kuo in conducting the business of the Corporation while it was administratively dissolved was extinguished upon the Corporation's reinstatement. As a result, Kuo may not be held personally liable to plaintiff under Title VII, the MHRA, the service letter statute or the sales commission statute, because liability on these claims is predicated solely on Kuo's status as the sole officer, director and shareholder of the Corporation during the time it was administratively dissolved. Defendant Kuo's motion to dismiss should therefore be granted with respect to Counts I, II, IV and V.
Plaintiff's libel claim against defendant Kuo stands on a different footing. The police report attached to the complaint was signed by Kuo, but his signature is not followed by a statement that he was signing in his official capacity as an officer or director of the Corporation. As a result, it does not appear beyond doubt that plaintiff can prove no set of facts in support of the libel claim entitling him to relief. Conley, 355 U.S. at 45-46, 78 S.Ct. 99. Defendant Kuo's motion to dismiss should therefore be denied with respect to Count III.

Conclusion.
For the foregoing reasons, the Court will grant defendant Kuo's motion to dismiss Counts I, II, IV and V against him individually, and will deny Kuo's motion to dismiss Count III.
Accordingly,
IT IS HEREBY ORDERED that defendant Kuo's motion to dismiss is GRANTED in part and DENIED in part; said motion is GRANTED with respect to Counts I, II, IV and V, and DENIED with respect to Count III. [Doc. 18]
An appropriate order of partial dismissal will accompany this memorandum and order.

ORDER OF PARTIAL DISMISSAL
In accordance with the memorandum and order of this date and incorporated herein,
IT IS HEREBY ORDERED that the claims against defendant Shing-Yan (Edward) Kuo in Counts I, II, IV and V of Plaintiff's First Amended Complaint for Damages are DISMISSED for failure to state a claim upon which relief can be granted.
NOTES
[1] It was unclear from the title and text of the motion to dismiss whether it was filed on behalf of defendant Kuo only, or both defendants. Counsel for defendants has now filed an answer on behalf of both defendants, and has orally represented to the Court that the motion to dismiss was filed only by defendant Kuo.
[2] A copy of the police report is attached to plaintiff's First Amended Complaint as Ex. 1.