BARKETT, Circuit Judge,
dissenting:
Because I disagree with the majority’s reasoning regarding both the abatement of ASEDAC’s claims and the waiver of sovereign immunity, I dissent.
First, I do not think that a common sense reading of the statute in question, 22 U.S.C. § 3712(e), supports the majority’s conclusion that “appellant’s suit [against the PCC and OTA] abated,” because the *1318 “statute’s plain meaning is that Congress terminated the PCC and OTA without exception .Majority Op. at 1314. While the language of the statute does explicitly terminate both the PCC and the OTA, it also states that “the Panama Canal Revolving Fund shall be transferred to the General Services Administration (GSA),” which “shall use the amounts in the Fund to make payments of any outstanding liabilities of the Commission .... ” 22 U.S.C. § 3712(e)(2) (emphasis added). I fail to see how the plain meaning of the language “any outstanding liabilities”[1] can be read to exclude existing lawsuits against the PCC, and indeed neither the appellants nor the majority opinion provide any grounds for this argument. The doctrine of abatement comes from the law of corporations, with respect to which the Supreme Court has held that while “a dissolution of a corporation works an abatement of pending actions,” Def. Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634, 69 S.Ct. 762, 93 L.Ed. 931 (1949), some claims may survive dissolution and “[a]ll that is necessary [for the survival of claims] is a statute so providing,” id. at 635, 69 S.Ct. 762. Here the statute in question clearly provides for the transfer of “any outstanding liabilities” to the GSA, thereby allowing, by its plain meaning, the survival of pending lawsuits against the PCC or the OTA.
Second, because I believe that the plain meaning of the statute transferred appellants’ claims against the PCC to the GSA, I also disagree with the majority’s arguments regarding sovereign immunity. Indeed, since Congress clearly transferred “any outstanding liabilities” of the PCC to the GSA, it makes sense that if Congress had already waived sovereign immunity for the PCC for these types of claims there did not need to be a further waiver of sovereign immunity. Congress had already explicitly waived the sovereign immunity of the PCC in the Panama Canal Act of 1979, Pub.L. No. 96-70, 93 Stat 452, 22 U.S.C. § 3601 et seq., which contains a broad “sue-and-be-sued clause.” 22 U.S.C. § 3612a(c) (“The Commission may sue and be sued in its corporate name ....”); see also FDIC v. Meyer, 510 U.S. 471, 480, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that such sue-and-be-sued clauses are to be “liberally construed notwithstanding the general rule that waivers of sovereign immunity are to be read narrowly in favor of the sovereign”).[2] Accordingly, the mere *1319 transfer of “any outstanding liabilities” from the PCC to the GSA did not require a further waiver of sovereign immunity.

. If the statute mentioned "judgments” rather than "liabilities,” the majority’s plain meaning argument would be strengthened. But Congress explicitly chose to use the term "liabilities.” To understand the meaning of a term not defined in the statute itself, we must resort to common usage. See CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir.2001) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning.” (internal quotation marks and citations omitted)). And the common usage of the term "liabilities” encompasses potential obligations from existing lawsuits. Indeed, definitions of the term include not only legal obligations, but also accountability, which can be determined by a pending lawsuit. Black's Law Dictionary 925 (7th ed.1999) (defining "liability” as "the quality or state of being legally obligated or accountable”). Other definitions specifically include contingent obligations. See, e.g., Black’s Law Dictionary 823 (5th ed.1979) (defining liability as “of the most comprehensive significance, including almost eveiy character of hazard or responsibility, absolute, contingent, or likely”).

. The district court erroneously concluded that Congress did not waive the sovereign immunity of the PCC except for claims "relative to navigation of the Panama Canal and adjacent waters” based on its misreading of the statutory provisions at issue. The district court focused on language in 22 U.S.C. § 3612a(c)(l) which explicitly created an exception to the general waiver of sovereign immunity, by stating that "the amenability of the Commission to suit is limited by ... [22 U.S.C. § 3761]....” 22 U.S.C. § 3761(d), *1319 which the district court focused on and cited in its analysis, however, merely states that "[e]xcept as provided in [22 U.S.C. § 3776] ... no action for damages on claims cognizable under this part shall lie against the United States or the Commission ....” 22 U.S.C. § 3761(d) (emphasis added). And 22 U.S.C. § 3776 specifies that claims for damages under 22 U.S.C. § 3771(a) or 3772 (which pertain to claims for injuries in the navigation of the canal) may be brought against the Commission solely in the Eastern District of Louisiana. 22 U.S.C. § 3776. The district court concluded from this language that "the Commission may be sued for damages but only for claims relative to navigation of the Panama Canal and adjacent waters as set forth in sections 3761 and 3776 of the Act.”
The district court erred in expanding the clear language of the § 3761 exception, which explicitly applies only to "claims cognizable under this part,” to all claims against the Commission. Section 3761 is located in Part 4 of the Panama Canal Act, which relates to “claims for injuries to persons or property.” See Panama Canal Act of 1979, ch. 4. If ASEDAC's claims were brought for injuries to person or property they would clearly have been subject to the restrictions in § 3761. The claims at issue here, however, are employment-benefit claims which do not arise from injuries to person or property, and do not fit into the exceptions of § 3761. ASE-DAC's claims were thus properly filed against the PCC and the OTA under the Panama Canal Act of 1979.